IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ASTRO GATEWAY, LLC § | |
|    *Plaintiff,* § | |
| § | |
| v. § | CIVIL ACTION NO. 3:18-cv-378 |
| § | |
| NATIONWIDE GENERAL § | |
| INSURANCE COMPANY and TAYLOR § | |
| MAYNARD § | |
|    *Defendants.* § | |

## NOTICE OF REMOVAL

Defendants Nationwide General Insurance Company ("Nationwide") and Taylor Maynard, through undersigned counsel and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal of the lawsuit captioned *Astro Gateway, LLC v. Nationwide General Insurance Company and Taylor Maynard*; Cause No. 2018DCV4157; In the 448th Judicial District of El Paso County, Texas.

## I.
## BACKGROUND

1. Plaintiff Astro Gateway, LLC (hereinafter "Plaintiff") initiated the present action by filing its Original Petition in Cause No. 2018DCV4157; In the 448th Judicial District of El Paso County, Texas on November 5, 2018 (the "State Court Action"). *See* Plaintiff's Original Petition, attached as **Exhibit A**.

2. Defendants appeared and answered on December 7, 2018, asserting a general denial to the claims and allegations made in Plaintiff's Original Petition. *See* Defendants' Original Answer, attached as **Exhibit B**.

3. Pursuant to 28 USC § 1446(a) a copy of all process, pleadings, and orders served upon Defendants in the State Court Action is incorporated in Exhibit A.

4. Pursuant to 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice of the removal to Plaintiff through its attorney of record, and to the clerk of the 448th Judicial District Court of El Paso County, Texas.

5. Pursuant to 28 USC §§ 1446(b)(1) and 1446(c)(1) this Notice of Removal has been timely filed within 30 days of service on Defendants of Plaintiff's Original Petition and less than one year after the commencement of this action.

## II.
## JURISDICTION

6. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and the matter is removable to this Court pursuant to 28 U.S.C. § 1441(a) because there is complete diversity of citizenship between the properly joined parties and the amount in controversy exceeds $75,000 exclusive of interest and costs.

**A.     Diversity of Parties**

7. Plaintiff is a foreign limited liability company organized under the laws of the State of Delaware, which maintains its principal place of business in El Paso County, Texas.  Plaintiff's managing members are both domiciled in Burbank, Los Angeles County, California, and are therefore citizens of the State of California. See 28 U.S.C. § 1332(a).[1] The only other member of Plaintiff who could be identified from publicly available information is also domiciled in Burbank, Los Angeles County, California, and is therefore a citizen of the State of California. *See* 28 U.S.C. § 1332(a).  A diligent search of publicly available information on the members of Plaintiff has

---

[1] *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (holding that the citizenship of a limited liability company is determined by the citizenship of all of its members).

2

been conducted, no other members can be identified based on public records, and Defendants have no reason to believe that any members share the citizenship of Defendants. Based on information and belief after diligent inquiry, and pursuant to 28 U.S.C. § 1332(a), Plaintiff is a citizen of the State of Texas.[2]

8. Nationwide General Insurance Company is organized under the laws of Ohio and maintains its principal place of business in Ohio. Pursuant to 28 U.S.C. § 1332(c)(1), therefore, Nationwide is a citizen of the State of Ohio.

9. Taylor Maynard is domiciled in Union County, Ohio and is a citizen of the State of Ohio.

10. Accordingly, there is complete diversity between the parties pursuant to 28 U.S.C. § 1332(a).

**B.  Amount in Controversy**

11. Plaintiff's Original Petition states that Plaintiff seeks "monetary relief over $200,000, but not more than $1,000,000." *See* Plaintiff's Original Petition, **Exhibit A**, § I. The threshold for diversity jurisdiction, $75,000, is therefore met by the allegations of Plaintiff's Original Petition.

12. Plaintiff further seeks compensation for (1) actual damages, (2) consequential damages, (3) per annum penalty interest on claimed damages, (4) pre-judgment interest, (5) attorney's fees. *See* **Exhibit A,** § IX. Plaintiff has alleged that Defendants' conduct was wrongful and done knowingly, entitling it to a trebling of actual damages under Texas Insurance Code

---

[2] *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. CV SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after this inquiry, Defendants are still unable to identify the members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief." *citing Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3rd Cir. 2015))

Chapter 541.  *See* **Exhibit A,** § X and XV; Tex. Ins. Code sections 541.002 & 541.152.  Penalties, exemplary damages, and attorneys' fees are included as part of the amount in controversy.[3]

13.    The amount in controversy plainly exceeds $75,000, exclusive of interest and costs. *See* **Exhibit A**.  Accordingly, the amount in controversy requirement of 28 U.S.C. § 1332(b) is satisfied.

### III.
### CONCLUSION

14.    Removal of this action under 28 U.S.C. § 1441(a) is proper as the district courts of the United States have original jurisdiction over the matter pursuant to 28 U.S.C. § 1332, and as all requirements for removal under 28 U.S.C. § 1446 have been met.

15.    WHEREFORE, Defendants Nationwide General Insurance Company and Taylor Maynard hereby provide notice that this action is duly removed.

Respectfully submitted,

*/s/ Patrick M. Kemp*
Patrick M. Kemp
Texas Bar No. 24043751
pkemp@smsm.com
Robert G. Wall
Texas Bar No. 24072411
rwall@smsm.com
Segal McCambridge Singer & Mahoney
100 Congress Avenue, Suite 800
Austin, Texas 78701
(512) 476-7834
(512) 476-7832 - Facsimile

**ATTORNEYS FOR DEFENDANTS**

---

[3] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes Inc.*, 227 F.3d 326, 330 (5th Cir. 2000); *see also St. Paul Reinsurance Co. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998).

## **CERTIFICATE OF SERVICE**

       This is to certify that a true and correct copy of the foregoing instrument has been served electronically via Certified Mail this the 12th day of December, 2018 to:

| | |
|---|---|
| William N. Allan, IV<br>Allan, Nava and Glander, PLLC<br>13409 NW Military Hwy, Suite 300<br>San Antonio, Texas 78231<br>serveone@ANGlawfirm.com | #9414 7266 9904 2061 9268 29 |

                                               */s/ Patrick M. Kemp*
                                               Patrick M. Kemp