

# Notice of Service of Process

null / ALL
**Transmittal Number: 18958882**
**Date Processed: 11/13/2018**

| | |
|---|---|
| **Primary Contact:** | SOP Team nwsop@nationwide.com<br>Nationwide Mutual Insurance Company<br>Three Nationwide Plaza<br>Columbus, OH 43215 |

| | |
|---|---|
| **Electronic copy provided to:** | Ashley Roberts |

| | |
|---|---|
| **Entity:** | Nationwide General Insurance Company<br>Entity ID Number  3286564 |
| **Entity Served:** | Nationwide General Insurance Company |
| **Title of Action:** | Astro Gateway LLC vs. Nationwide General Insurance Company and Taylor Maynard |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Contract |
| **Court/Agency:** | El Paso County District Court, TX |
| **Case/Reference No:** | 2018DCV4157 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 11/13/2018 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Certified Mail |
| Sender Information: | Allan, Nava & Glander, PLLC<br>N/A |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com



**DEFENDANT'S EXHIBIT A**

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

TO:  **NATIONWIDE GENERAL INSURANCE COMPANY**, which may be served with process by serving its registered agent, **Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218**

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **448th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Original Petition was filed in said court on the 5th day of November, 2018, by Attorney at Law William Nelson Allan, IV, 13409 NW MILITARY HIGHWAY, SUITE 300, SAN ANTONIO, TX 78231 in this case numbered **2018DCV4157** on the docket of said court, and styled:

**Astro Gateway LLC**
**VS**
**Nationwide General Insurance Company and Taylor Maynard**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the Plaintiff's Original Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 6th day of November, 2018.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

By _____ Deputy
                JoAnn Fernandez

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that <u>on this the 6th day of November, 2018</u> at 2:24 PM I mailed to:

Nationwide General Ins. Co., c/o Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218

Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____
TITLE

| *NAME OF PREPARER | | TITLE |
|---|---|---|
| ADDRESS | | |
| CITY | STATE | ZIP |

## RETURN OF SERVICE

Delivery was completed on _____, delivered to _____

_____ as evidence by Domestic Return Receipt PS Form 3811 attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided: _____


**ARTICLE NO. : 7160 1019 9040 0427 3499**

**SENT TO:** Nationwide General Ins. Co., c/o Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218

**POSTAGE: $0.37**
**FEE: $2.30**
**RETURN RECEIPT FEE: $1.75**

**DATE SENT: 11/06/2018**

**SENDER'S NAME: Joann Fernandez**

**THIS ENVELOPE CONTAINS:** Plaintiff's Original Petition

El Paso County, Texas

By:_____

    Deputy District Clerk

OR

_____

    Name of Authorized Person

By:_____


## VERIFICATION BY AUTHORIZED PERSON

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

                               Subscribed and sworn to be on this _____ day

                               of _____, _____.


                               _____

                               Notary Public, State of _____

                               My commission expires:_____

Filed 11/5/2018 11:11 AM
Norma Favela Barceleau
District Clerk
El Paso County
2018DCV4157

CAUSE NO. _____

| | | |
|---|---|---|
| ASTRO GATEWAY LLC | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| VS. | § | _____JUDICIAL DISTRICT |
| | § | |
| NATIONWIDE GENERAL INSURANCE | § | |
| COMPANY AND TAYLOR MAYNARD | § | |
| Defendants | § | EL PASO COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Astro Gateway LLC ("Plaintiff"), complaining of Nationwide General Insurance Company ("Nationwide") and TAYLOR MAYNARD ("Mr. Maynard") (collectively, "Defendants"), and for such cause of action respectfully shows unto the Court and Jury as follows:

### I. DISCOVERY CONTROL PLAN & RELIEF SOUGHT

Plaintiff currently seeks monetary relief over $200,000, but not more than $1,000,000, and demands judgment for all the other relief to which it deems itself entitled. Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### II. PARTIES

Plaintiff, Astro Gateway LLC, is a business in El Paso County, Texas.

Defendant, Nationwide General Insurance Company, is a corporation engaged in the business of insurance in this state. It may be served with process by serving its registered agent,

Corporation Service Company, by certified mail, return receipt requested, at 211 E. 7th Street, Suite 620, Austin, Texas 78701-3218. Plaintiff requests service at this time.

Defendant, Taylor Maynard is a licensed adjuster with a designated home state of Texas and may be served with process by certified mail, return receipt requested, at 955 County Line Road West, Westerville, Ohio 43082. Plaintiff requests service at this time.

## III. AGENCY AND RESPONDEAT SUPERIOR

Whenever in this petition it is alleged that Defendants did any act or thing, it is meant that Defendants themselves or their agents, officers, servants, employees, or representatives did such a thing. It was also done with the full authorization or ratification of Defendants or done in the normal routine, course and scope of the agency or employment of Defendants or their agents, officers, servants, employees, or representatives.

## IV. JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the damages sought are within the jurisdictional limits of the Court.

Venue is proper in El Paso County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county, and the insured property that is the basis of this lawsuit is located in El Paso County, Texas.

## V. CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## VI. FACTS

A.      Plaintiff is the owner of a Texas Businessowners Policy No. ACP BPOG 3007240851, issued by Nationwide (the "Policy"). The Policy provides coverage for damage caused by covered perils including hail damage and wind damage.

B.   Plaintiff owns the insured property shown below, which is specifically located at 6070

Gateway Blvd E, El Paso, Texas 79905 (the "Property"). The Property is a multi-storied

office building with offices and common areas.



C.   Nationwide, or its agent(s), sold the Policy, insuring the Property, to Plaintiff.

D.   At the time of issuance, and in correspondence regarding the Policy, Nationwide represented

to Plaintiff that the Policy provided coverage to pay the full value of any loss and damage to

the Property caused by covered perils, which includes hail and wind among other types of

covered perils. Plaintiff relied on such representations to purchase the Policy, continue to

pay premiums to keep the Policy in effect, and to submit an insurance claim for loss and

damage to the Property caused by covered perils, including loss and damage caused by hail

and wind. However, Plaintiff relied on such representations to its detriment because Nationwide ultimately refused to pay the full value of loss and damage to the Property caused by covered perils, including loss and damage caused by hail and wind.

E.   In or about August and November 2016, Plaintiff experienced storms that damaged the Property. The storm damage to Plaintiff's business was a covered loss under the Policy. In its track, the storms left behind widespread damage to the Property caused by covered perils, including: hail and wind damage to the roofs of the building, including a damaged fifth-floor roof, the sixth-floor roof, the roof insulation, the roof decking, the roof coating, the roof flashing and related components, and hail damage to the HVAC units and their components.

F.   Plaintiff timely submitted an insurance claim to Nationwide for all of the covered damage caused by the storm, and Nationwide assigned claim number 458995-GE to Plaintiff's insurance claim. Nationwide assigned Taylor Maynard ("Mr. Maynard"), to adjust Plaintiff's insurance claim. Mr. Maynard was an agent and representative of Nationwide in regard to Plaintiff's insurance claim.  Mr. Maynard also acted as an insurance adjuster engaged in the business of insurance by investigating, processing, evaluating, approving, and denying, in whole or in part, Plaintiff's insurance claim. Mr. Maynard was also charged with communicating with Plaintiff about Policy terms, coverage, and payment.

G.   Nationwide and Mr. Maynard were not diligent in the handling and resolution of Plaintiff's insurance claim. Nationwide and Mr. Maynard failed to timely and reasonably investigate Plaintiff's insurance claim. Nationwide and Mr. Maynard also failed to fairly and accurately adjust Plaintiff's insurance claim, and as a result, Nationwide and Mr. Maynard improperly denied full coverage and payment for the entire covered loss.

H.    During the inspection, Mr. Maynard was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's insurance claim, including determining the cause of and then quantifying the damage done to the business. However, Mr. Maynard conducted a substandard inspection and failed to prepare an estimate reflecting the actual covered damages to the business. As a result, Mr. Maynard's adjustment of the insurance claim did not allow for any funds to cover repairs or replacements to restore Plaintiff's business.

I.    In part, Mr. Maynard spent little time inspecting the Property overall. He limited his inspection to roof drain pipes and the metal deck of the roof and gave cursory attention to the remaining roof surfaces of the Property. As a result of his inadequate inspection, Mr. Maynard failed to account for all of the covered damage by overlooking or disregarding areas of storm damage that were part of the covered loss under the Policy, including: the fifth-floor roof, the sixth-floor roof, the roof insulation, the roof decking, the roof coating, the roof flashing and related components, and the HVAC units and their components.

J.    Instead, Mr. Maynard represented that the roofs and HVAC units had sustained no hail or wind damage. Moreover, despite his limited inspection, Mr. Maynard further assumed and misrepresented that any damage to the Property was not caused by hail or wind and was therefore not covered under the Policy. As a result, Mr. Maynard failed to account for all of the covered damage by omitting areas of storm damage that was part of the covered loss under the Policy, including: (1) hail and wind damage to the roofs of all buildings, including: fifth-floor roof, the sixth-floor roof, the roof insulation, the roof decking, the roof coating, the roof flashing and related components, and hail damage to the HVAC units and their components.

K.    Based upon Mr. Maynard's inspection, Nationwide denied coverage for the damages to the Property caused by the storms and determined that no payment was due on Plaintiff's insurance claim even though the actual scope and cost to repair or replace Plaintiff's Property far exceeds the scope and amount of the Policy's deductible. Indeed, Plaintiff retained its own adjuster who determined that the actual cost to repair or replace the Property for all of the covered damage described above exceeds $360,000.00. Thus, Mr. Maynard misrepresented material facts regarding lack of coverage for the omitted storm damages and the costs of needed repairs, replacements, materials, and contractor overhead and profit.

L.    As described above, Defendants Nationwide and Mr. Maynard demonstrated they did not conduct a thorough and reasonable investigation of Plaintiff's insurance claim, misrepresented material facts regarding lack of coverage for omitted storm damages, and misrepresented the cause of, scope of, and cost to repair or replace the damage to Plaintiff's Property as well as the amount of and insurance coverage for Plaintiff's insurance claim and covered loss. Mr. Maynard made these and other misrepresentations to Plaintiff and Nationwide. Plaintiff and Nationwide relied on Mr. Maynard's misrepresentations, and Plaintiff has been damaged as a result of such reliance. Mr. Maynard's misrepresentations caused Nationwide to deny Plaintiff's insurance claim, and Nationwide's misrepresentations caused Plaintiff to pay for insurance and submit an insurance claim that did not—as promised—pay the full value of the loss and damage to Plaintiff's property caused by covered perils, including loss and damage caused by hail and wind. As a result, Plaintiff has not been able to properly and completely repair or replace the damages to the Property, which has caused additional and further damage to the Property and Plaintiff's business.

M.    Defendant Nationwide failed to perform its contractual duty to adequately compensate Plaintiff under the terms of the Policy. Specifically, Defendant Nationwide failed and refused to properly pay proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiff. Defendant Nationwide's conduct constitutes a breach of the insurance contract.

N.    Defendants Nationwide and Mr. Maynard failed to fairly evaluate and adjust Plaintiff's insurance claim as they are obligated to do under the Policy and Texas law. By failing to properly investigate the insurance claim and wrongfully denying full coverage to Plaintiff, Nationwide and Mr. Maynard engaged in unfair insurance and settlement practices prohibited under Texas law.

O.    Defendant Mr. Maynard made, issued, and circulated a denial letter and related statements that misrepresented the benefits under the Policy, which promised to pay the full amount of loss to Plaintiff. Defendant's conduct constitutes a violation of the Misrepresentation Regarding Policy or Insurer section Texas Insurance Code. Tex. Ins. Code § 541.051(1)(B).

P.    Defendants Nationwide and Mr. Maynard misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered peril. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(1).

Q.    Defendants Nationwide and Mr. Maynard failed to make an attempt to settle Plaintiff's insurance claim in a prompt, fair, and equitable manner, although they were aware of the clear liability to Plaintiff under the Policy. Defendants' conduct constitutes a violation of the

Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(2)(A).

R.    Defendants Nationwide and Mr. Maynard failed to explain to Plaintiff why full payment was not being made. Furthermore, Defendants did not communicate that future payments would be forthcoming to pay for the entire losses covered under the Policy, nor did Defendants provide any explanation for the failure to adequately settle Plaintiff's insurance claim. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(3).

S.    Defendants Nationwide and Mr. Maynard failed to affirm or deny coverage of Plaintiff's insurance claim within a reasonable time. Specifically, Plaintiff did not receive timely indication of acceptance or rejection, regarding the full and entire insurance claim, in writing from Defendants. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(4).

T.    Defendants Nationwide and Mr. Maynard refused to fully compensate Plaintiff under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Nationwide and Mr. Maynard performed an outcome-oriented investigation of Plaintiff's insurance claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiff's losses to the Property. Defendants' conduct constitutes a violation of the Unfair Settlement Practices section of the Texas Insurance Code. Tex. Ins. Code § 541.060(a)(7).

U.    Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's insurance claim, beginning an investigation of Plaintiff's insurance claim, and requesting all information reasonably necessary to

investigate Plaintiff's insurance claim within the statutorily mandated deadline. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.055.

V.    Defendant Nationwide failed to accept or deny Plaintiff's full and entire insurance claim within the statutory mandated deadline of receiving all necessary information. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.056.

W.    Defendant Nationwide failed to meet its obligations under the Texas Insurance Code regarding payment of insurance claims without delay. Specifically, Defendant has delayed full payment of Plaintiff's insurance claim longer than allowed and, to date, Plaintiff has not yet received full payment for Plaintiff's insurance claim. Defendant's conduct constitutes a violation of the Prompt Payment of Claims subchapter of the Texas Insurance Code. Tex. Ins. Code § 542.058.

X.    From and after the time Plaintiff's insurance claim was presented to Defendant Nationwide, the liability to pay the full insurance claim in accordance with the terms of the Policy was reasonably clear. However, Defendant Nationwide has refused to pay Plaintiff in full, despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny the full payment. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Y.    As a result of Defendants' wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who are representing Plaintiff with respect to these causes of action. To date, Defendants have failed to and refused to pay Plaintiff for the proper repair or replacement of the Property.

Z.    Plaintiff's experience is not an isolated case. The acts and omissions of Defendants committed in this case, or similar acts and omissions, occur with such frequency that they constitute a general business practice of Defendants with regard to handling this type of insurance claim. Defendants' entire process is unfairly designed to reach favorable outcomes for the company at the expense of the policyholder.

## VII. THEORIES OF LIABILITY

### A. Cause of Action for Breach of Contract

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

According to the Insurance Policy that Plaintiff purchased, Defendant Nationwide has the duty to investigate and pay Plaintiff's policy benefits for insurance claims made for covered damages, including additional benefits under the Policy, resulting from the damages. As a result of these damages, which result from covered perils under the Policy, the business and Plaintiff's business have been damaged.

Defendants Nationwide and Mr. Maynard's failure and refusal, as described above, to pay the adequate compensation as they are obligated to do under the terms of the Policy in question and under the laws of the State of Texas, constitutes a breach of Defendant Nationwide's contract with Plaintiff. As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Defendant Nationwide's acts, omissions, failures, and conduct that are described in this petition violate Section 542 of the Texas Insurance Code. Defendant Nationwide has violated Section 542 by failing to timely acknowledge receipt of Plaintiff's insurance claim, investigate Plaintiff's insurance claim, or request from Plaintiff all items, statements, and forms that it reasonably believed at that time would be required from Plaintiff within the applicable statutory timeframe. *See* Tex. Ins. Code § 542.055. Defendant Nationwide has also violated Section 542 by failing to timely provide sufficient written notice of its acceptance or rejection of Plaintiff's insurance claim within the applicable statutory timeframe. *See* Tex. Ins. Code § 542.056. Defendant Nationwide has further violated Section 542 by failing to pay the full value of Plaintiff's insurance claim within the applicable statutory timeframe. *See* Tex. Ins. Code §§ 542.057–.058. Additionally, if it is determined Defendant Nationwide owes Plaintiff any additional monies on Plaintiff's insurance claim, then Defendant has automatically violated Section 542 in this case. *See* Tex. Ins. Code § 542.058.

**C. DTPA Cause of Action**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants under the provisions of the DTPA. Plaintiff is a consumer of goods and services provided by Defendants pursuant to the DTPA. Plaintiff has met all conditions precedent to

bringing this cause of action against Defendants Nationwide and Mr. Maynard. Specifically, Defendants' violations of the DTPA include, without limitation, the following matters.

By their acts, omissions, failures, and conduct that are described in this petition, Defendants Nationwide and Mr. Maynard have violated Sections 17.46(b)(2), (5), (7), (12) and (19) and Sections 17.50(a)(2), (3), and (4) of the DTPA. In this respect, Defendants' violations include, without limitation:

A.  (1) their unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's insurance claim, (2) their failure to give Plaintiff the benefit of the doubt, and (3) their failure to pay for the proper repair or replacement of covered damages to the business on which liability had become reasonably clear. This gives Plaintiff the right to recover under Section 17.46(b)(2) of the DTPA;

B.  As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services had characteristics or benefits that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(5) of the DTPA;

C.  As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46(b)(7) of the DTPA;

D.  As described in this petition, Defendants represented to Plaintiff that the insurance policy and Defendants' adjusting and investigative services conferred or involved rights, remedies, or obligations that they did not have, which gives Plaintiff the right to recover under Section 17.46(b)(12) of the DTPA;

E.   Defendants have breached an express warranty that the damage caused by the subject storm would be covered under the insurance policies. This breach entitles Plaintiff to recover under Sections 17.46(b)(12) and (19) and 17.50(a)(2) of the DTPA;

F.   Defendants' actions, as described in this petition, are unconscionable in that they took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. Defendants' unconscionable conduct gives Plaintiff the right to relief under Section 17.50(a)(3) of the DTPA; and

G.   Defendants' conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50(a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendants are a producing cause of Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations in this petition for this cause of action against Defendants Nationwide and Mr. Maynard under the Texas Insurance Code. Plaintiff has satisfied all conditions precedent to bringing this cause of action. By their acts, omissions, failures, and conduct, Defendants Nationwide and Mr. Maynard have engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code. Such

violations include, without limitation, all the conduct described in this petition plus Defendants' unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's insurance claim and Defendants' failure to pay for the proper repair or replacement of covered damages to the business on which liability had become reasonably clear. They further include Defendants' failure to give Plaintiff the benefit of the doubt. Specifically, Defendants Nationwide and Mr. Maynard are guilty of the following unfair insurance practices:

A.    Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case, *see generally* Tex. Ins. Code §§ 541.001 et seq.;

B.    Engaging in unfair claim settlement practices, *see* Tex. Ins. Code § 541.060;

C.    Making, issuing, or circulating a statement that misrepresents the promised benefits under the policy, *see* Tex. Ins. Code § 541.051(1)(B);

D.    Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue, *see* Tex. Ins. Code § 541.060(a)(1);

E.    Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of an insurance claim submitted in which liability has become reasonably clear, *see* Tex. Ins. Code § 541.060(a)(2);

F.    Failing to affirm or deny coverage of Plaintiff's insurance claim within a reasonable time, *see* Tex. Ins. Code § 541.060(a)(4);

G.    Refusing to pay Plaintiff's insurance claim without conducting a reasonable investigation with respect to the claim, *see* Tex. Ins. Code § 541.060(a)(7); and

H.    Failing to provide promptly a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law for the denial of an insurance claim or for the offer of a company's settlement, *see* Tex. Ins. Code § 541.060(a)(3).

Defendant Nationwide has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.

Defendants Nationwide and Mr. Maynard's acts, omissions, and failures described herein are a proximate cause of and have resulted in Plaintiff's damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendants were done knowingly as that term is used in the Texas Insurance Code.

**E.  Cause of Action for Breach of Duty of Good Faith and Fair Dealing**

Plaintiff re-alleges and incorporates by reference all previous and subsequent paragraphs herein.

Plaintiff incorporates all the allegations of the preceding paragraphs for this cause of action. By its acts, omissions, failures, and conduct, Defendant Nationwide has breached its common law duty of good faith and fair dealing by failing to pay the proper amounts on Plaintiff's entire insurance claim without any reasonable basis and by failing to conduct a reasonable investigation to determine whether there was a reasonable basis for this denial. Defendant has also breached this duty by unreasonably delaying payment of Plaintiff's entire insurance claim and by failing to settle Plaintiff's entire insurance claim because Defendant knew or should have known that it was reasonably clear that the insurance claim was covered. These acts, omissions, failures, and conduct of Defendant are a proximate cause of Plaintiff's damages.

<u>**VIII.  WAIVER AND ESTOPPEL**</u>

Defendants have waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## IX.  DAMAGES

The above described acts, omissions, failures, and conduct of Defendants caused Plaintiff's damages, which include, without limitation, the cost to properly repair or replace the storm-related damages to Plaintiff's business and any investigative and engineering fees incurred in the claim. Plaintiff is also entitled to recover consequential damages from Defendant Nationwide's breach of contract. Plaintiff is also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant Nationwide as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys' fees. All the damages described in this petition are within the jurisdictional limits of the Court.

## X.  ADDITIONAL DAMAGES

Defendants have also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes. Because of Defendants' knowing and intentional misconduct, Plaintiff is entitled to additional damages as authorized by Section 541 of the Texas Insurance Code and Section 17.50(b)(1) of the DTPA.

## XI.  EXEMPLARY DAMAGES

Defendant Nationwide's breach of its duty of good faith and fair dealing owed to Plaintiff was done intentionally, with a conscious indifference to the rights and welfare of Plaintiff, as defined in Chapter 41 of the Texas Civil Practice and Remedies Code. These violations by Defendant are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for its

wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## XII. ATTORNEYS' FEES

As a result of Defendants' conduct that is described in this petition, Plaintiff has been forced to retain the undersigned attorneys to prosecute this action and has agreed to pay reasonable attorneys' fees. Plaintiff is entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## XIII. DISCOVERY

Under the Texas Rule of Civil Procedure 194, the Defendants are requested to disclose within fifty (50) days of service of this request, the information or material described in Texas Rule of Civil Procedure 194.2 (a) through (1).

Plaintiff's Requests for Disclosure, Requests for Production, Interrogatories, and Requests for Admissions are attached, for service at the time of service of this petition, and incorporated herein by reference.

## XIV. JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## XV. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiff have and recover such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive and exemplary

damages as may be found.  In addition, Plaintiff requests the award of attorneys' fees for the trial

and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as

allowed by law, and for any other and further relief, at law or in equity, to which Plaintiff may

show itself to be justly entitled.

Respectfully submitted,

ALLAN, NAVA & GLANDER, PLLC
13409 NW Military Highway, Suite 300
San Antonio, Texas 78231
Telephone: (210) 305-4220
Telecopier: (210) 305-4219
serveone@ANGlawfirm.com

By:

WILLIAM N. ALLAN, IV
State Bar No.  24012204
ATTORNEY FOR PLAINTIFF

**PLAINTIFF'S, ASTRO GATEWAY LLC, REQUESTS FOR DISCLOSURE TO
DEFENDANT, NATIONWIDE GENERAL INSURANCE COMPANY**

TO:   NATIONWIDE GENERAL INSURANCE COMPANY, Defendant

    Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this
request, the information requested below.

### REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct name of the parties to the lawsuit.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any
potential parties.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual bases
for your claims or defenses.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating
economic damages.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of
persons having knowledge of relevant facts, and a brief statement of each identified person's
connection with the case.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:

    (a)   the expert's name, address, and telephone number;

    (b)   the subject matter on which the expert will testify;

    (c)   the general substance of the expert's mental impressions and opinions and a brief
          summary of the basis for them, or if the expert is not retained by, employed by, or
          otherwise subject to your control, documents reflecting such information;

    (d)   if the expert is retained by, employed by, or otherwise subject to your control:

    (i)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

    (ii)    the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):** All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

## PLAINTIFF'S, ASTRO GATEWAY LLC, FIRST REQUESTS FOR PRODUCTION TO DEFENDANT, NATIONWIDE GENERAL INSURANCE COMPANY

TO:    NATIONWIDE GENERAL INSURANCE COMPANY, Defendant

Instructions: Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to produce the below designated documents. Pursuant to Rule 196.3, you are requested to serve responses and originals or copies of the originals at the law offices of ALLAN, NAVA & GLANDER, PLLC. Pursuant to Rule 196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the Requests. Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the requests for production.

Definitions: The following terms have the meanings indicated below. You are charged with knowledge of such definitions in responding, and you should respond to the full scope and all elements of such defined terms. These definitions are to be construed as broadly as possible to include the most information or documents responsive to the requests.

1.      "Property" means Plaintiff's property listed or further described in Plaintiff's petition.

2.      "Policy" means the insurance policy issued by Defendant providing coverage for the Property, and as further described in Plaintiff's petition.

3.      "Claim" or "Claim(s)" means the underlying insurance claim or claims submitted by Plaintiff under the Policy for damages to the Property, and as further described in Plaintiff's petition.

4.      The term "Plaintiff" means the named entity(ies) in the petition and includes its past and present agents, assigns, legal representatives, non-legal representatives, personal representatives, and attorneys, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on its behalf, or who are or were at any time controlled by them.

5.      The terms "you," "your," and "Defendant," means the named defendant in Plaintiff's petition and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries, parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Nationwide General Insurance Company , or who are or were at any time controlled by Nationwide General Insurance Company .

6.      "Documents" means all writings, drawings, graphs, charts, photographs, pictures, films, tapes, sound recordings, images, data, and data compilations of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether they are intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without

limitation any government agency, department, administrative, or private entity or person. The term includes handwritten, typewritten, printed, photocopied, photographic, and other recorded matter, as well as electronically stored data on magnetic, digital, optical, or Internet cloud storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files, and any electronic file fragments (files that have been deleted and partially overwritten with new data) in, or accessible through, computer or other information storage or retrieval systems, together with the codes or programming instructions and other materials necessary to understand and use such systems.

7.      "Person," "persons," "entity," or "entities" means any natural person, firms, partnerships, associations, joint ventures, corporations, and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

8.      "Correspondence," "communication," or "communications" means any transmission, receipt, or exchange of information between two (2) or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, letter, facsimile, electronic, digital, or other media.

9.      With respect to the following words: (a) "and" means "or"; (b) "or" means "and/or"; (c) "all" includes and encompasses "any"; (d) "any" includes and encompasses "all"; and (e) "each" means "each and every."

10.     Whenever the context so requires, (i) the singular includes the plural and the plural includes the singular; and (ii) the masculine includes the feminine and the feminine includes the masculine.

11.     "Relates" or "relating" means any relationship of whatever kind or nature, be it direct or indirect.

12.     "Concern" or "concerning" means and includes pertaining to, referring to, relating to, alluding to, connected with, commenting on, regarding, comprising, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, and evidencing.

13.     "Date" means the exact day, month, and year, if ascertainable, or if not ascertainable, the best approximation to the exact day, month, and year.

## GENERAL INSTRUCTIONS

1.      The definitions and instructions in this document require responses and the production of responsive documents and things based on the information available to you as well as your attorneys, representatives, investigators, and others acting on your behalf.

2.      You are requested to produce for inspection and copying all responsive documents and things in your possession, custody, or control, including all documents and things in the possession or custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.      You must make a complete production of requested documents and things by the date and during the timeframe specified above.

4.      These requests seek responses and the production of responsive documents and things as of the date served but also impose a continuing duty to supplement and correct under the Texas Rules of Civil Procedure, so that any additional or different information, documents, and things related in any way to these requests and your responses to them, which you acquire or which becomes known to you at any time up to and including the time of trial, must be served promptly in supplemented or corrected responses to the requests after such information, documents, and things are acquired or become known.

5.      Unless otherwise requested, you are to produce the documents and things as they are kept in the ordinary course of business, with appropriate markings or designations that identify which requests they are responsive to.

6.      You must produce the original and all non-identical copies of each requested document or thing, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original. Your production must include the file, envelope, folder, binder, or other container in which the responsive documents and things are kept. If, for any reason, such a container cannot be produced, you are to produce copies of all labels or other identifying markings found on the unproduced container.

7.      Documents that exist in digital format and constitute or comprise databases or other tabulations or collections of data or information should be produced in both a hard copy printout of the document and a copy of the computer or electronic tape, disc, or other electronic medium on which the document is stored. Documents that exist in digital format and constitute or comprise written communications between natural persons (e.g., e-mails, instant messages, memos, letters, etc.) should be produced both in a machine-readable format and hard-copy form.

8.      Any requested documents that do not exist in a native electronic format are hereby requested to be produced in searchable PDF format with logical unitization preserved and Bates numbering on each page in a manner that does not obscure any content.

9.      If you are unable to produce a document or thing as requested, state in writing why you cannot produce the document or thing and, if the document or thing is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or thing.

10.     If you cannot fully respond to any request after a diligent attempt, respond to the request to the greatest extent possible and specify the portion of the request to which you are unable to respond.

11.     If you object to or otherwise refuse to answer and produce documents or things responsive to any portion or any aspect of a request, (i) state the grounds of your objection or

reason for your refusal with specificity, and (ii) respond to the remainder of the request to which you do not object or refuse to answer as follows:

a.    If you object to a request on the grounds that it is too broad (i.e., that you believe the request calls for information that is both relevant and not relevant to the subject matter of the action), you must answer the request and produce documents and things in response to the request by providing as much information and producing all documents which you believe may be relevant;

b.    If you object to a request on the ground that to provide an answer or produce documents or things would constitute an undue burden, then you must produce as many of the requested documents or things as can be provided without undertaking such burden; and

c.    If you object to any portion of a request on the ground that it is vague, ambiguous, or indefinite, then you must state your understanding of the allegedly vague, ambiguous, or indefinite term(s) and then answer the request and produce documents and things based on your stated understanding.

12.    With regard to any document or thing withheld by you from inspection and copying, such as on the basis of a claim of attorney-client privilege or work product immunity, identify the document or thing by its:

a.    date;

b.    type (e.g., letter, memorandum, photograph, computer printout, etc.);

c.    subject matter;

d.    author or originator;

e.    addressee or addressees, and any person known or believed by you to have received a copy or have seen a copy of the document or thing;

f.    the present custodian of each copy of the document or thing;

g.    alleged ground or grounds for withholding production;

h.    sufficient particulars to allow Plaintiff to evaluate the claim of privilege or immunity; and

i.    the portion of the document or thing as to which the privilege is claimed.

13.    If you contend that any document or thing has been lost or destroyed, set forth the contents of the document or thing, the location of any copies, the date of loss or destruction, the

name of the person who ordered or authorized the destruction, if any, and the authority and reasons for such destruction.

## RESERVATION OF OBJECTIONS

These requests are submitted for the purpose of discovery and are not to be taken as Plaintiff's waiver of any objections that may be made at trial regarding the introduction or admissibility of any information or evidence covered by or related to these requests, and are not to be taken as Plaintiff's admission as to the relevance or materiality of any information or evidence covered by or related to these requests.

## DEFINITION AND INSTRUCTIONS FOR PRODUCTION OF ESI

1.      "ESI" means any electronically stored information of whatever character, including but without limitation, data files, databases, documents, word processor files, text files, spreadsheets, presentations, images, photographs, audio files, video files, disc and media files, emails, Internet messages, instant messages, text messages, social media, online posts, web pages, Internet files, compressed files, and any other data, files, or information that exists in electronic or magnetic form, which are saved or stored on a hard drive, solid state drive, virtual drive, zip drive, flash drive, memory card, memory stick, disk, diskette, CD, DVD, blu ray disc, tape cassette, magnetic strip, cell phone, tablet, computer, server, Internet domain, digital account, cloud storage, or any other type of device, media, or means of electronically or magnetically saving or storing such data, files, or information.

2.      Any ESI that exists is specifically requested to be produced in native format, pursuant to Rule 196.4 of the Texas Rules of Civil Procedure and should not be altered in any way or converted to another format (e.g., .pdf or .tiff), except to the extent necessary to remove or redact privileged content, in which case a privilege log is requested.

3.      Native format means production in the same format in which the ESI was originally created, used, and/or stored with any and all metadata preserved. Examples of native formats in which specific types of ESI should be produced are as follows:

| ESI Types | Native Formats |
|---|---|
| Audio files | .aif (AIF audio file) |
| | .cda (CD audio track file) |
| | .mid or .midi (MIDI audio file) |
| | .mp3 (MP3 audio file) |
| | .mpa (MPEG-2 audio file) |
| | .ogg (Ogg Vorbis audio file) |
| | .wav (WAV file) |
| | .wma (WMA audio file) |
| Compressed files | .7z (7-Zip compressed file) |
| | .arj (ARJ compressed file) |
| | .deb (Debian software package file) |
| | .pkg (Package file) |
| | .rar (RAR file) |

| | |
|---|---|
| | .rpm (Red Hat Package Manager)<br>.tar.gz (Tarball compressed file)<br>.z (Z compressed file)<br>.zip (Zip compressed file) |
| Data and database files | .csv (Comma separated value file)<br>.dat (Data file)<br>.db or .dbf (Database file)<br>.log (Log file)<br>.mdb (Microsoft Access database file)<br>.sav (Save file)<br>.sql (SQL database file)<br>.tar (Linux / Unix tarball file archive)<br>.xml (XML file) |
| Disc and media files | .bin (Binary disc image)<br>.dmg (macOS X disk image)<br>.iso (ISO disc image)<br>.toast (Toast disc image)<br>.vcd (Virtual CD) |
| Documents<br>Word processor files<br>Text files | .doc and .docx (Microsoft Word document)<br>.odt (OpenOffice Writer document)<br>.pdf (PDF file)<br>.rtf (Rich Text Format)<br>.tex (A LaTeX document file)<br>.txt (Plain text file)<br>.wks and .wps (Microsoft Works file)<br>.wpd (WordPerfect document) |
| Emails<br>Internet messages | .eml (plain text format)<br>.emlx (Apple Mail format)<br>.mbx (Mbox format)<br>.msg (Microsoft Outlook format)<br>.ost (Microsoft Outlook Exchange file)<br>.pst (Microsoft Outlook folder file) |
| Images<br>Photographs | .ai (Adobe Illustrator file)<br>.bmp (Bitmap image)<br>.gif (GIF image)<br>.ico (Icon file)<br>.jpeg or .jpg (JPEG image)<br>.png (PNG image)<br>.ps (PostScript file)<br>.psd (PSD image)<br>.svg (Scalable Vector Graphics file)<br>.tif or .tiff (TIFF image) |
| Internet files<br>Web pages | .asp and .aspx (Active Server Page file)<br>.cfm (ColdFusion Markup file)<br>.cgi or .pl (Perl script file)<br>.css (Cascading Style Sheet file) |

| | .htm and .html (HTML file) |
| | .js (JavaScript file) |
| | .jsp (Java Server Page file) |
| | .php (PHP file) |
| | .py (Python file) |
| | .rss (RSS file) |
| | .xhtml (XHTML file) |
| Presentations | .key (Keynote presentation) |
| | .odp (OpenOffice Impress presentation file) |
| | .pps (PowerPoint slide show) |
| | .ppt and .pptx (PowerPoint presentation) |
| Spreadsheets | .ods (OpenOffice Calc spreadsheet file) |
| | .xlr (Microsoft Works spreadsheet file) |
| | .xls and .xlsx (Microsoft Excel file) |
| Video files | .3g2 (3GPP2 multimedia file) |
| | .3gp (3GPP multimedia file) |
| | .avi (AVI file) |
| | .flv (Adobe Flash file) |
| | .h264 (H.264 video file) |
| | .m4v (Apple MP4 video file) |
| | .mkv (Matroska Multimedia Container) |
| | .mov (Apple QuickTime movie file) |
| | .mp4 (MPEG4 video file) |
| | .mpg or .mpeg (MPEG video file) |
| | .rm (RealMedia file) |
| | .swf (Shockwave flash file) |
| | .vob (DVD Video Object) |
| | .wmv (Windows Media Video file) |

4.    ESI such as emails, Internet messages, and text messages should be produced so as to preserve and supply the header data, source content, and attachments in a fielded, electronically-searchable format. For Microsoft Exchange or Outlook messaging, .ost or .pst format will suffice. Single message production formats like .msg or .eml may be furnished if source foldering data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native format with parent/child relationships to the message and container(s) preserved and produced.

5.    Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving keys and field relationships. If doing so is infeasible, please identify the database and supply information concerning the scheme and query language of the database, along with a detailed description of its export capabilities, so as to facilitate the crafting of queries to extract and export responsive data.

6.    Examples of responsive forms of items set out in these instructions or in any request should not be construed to limit the scope of the request(s).

7.      Production should be made using physical media, such as a hard drive, solid state drive, zip drive, flash drive, memory card, memory stick, CD, or DVD, or using electronic means, such as email or link to files on a server, so long as use of such media or means preserves and does not materially alter or convert the content and any and all metadata of the ESI produced.

8.      ESI produced should be Bates numbered by naming the files produced to conform to the Bates numbering convention assigned to the case, supplying the original file name data in the delimited load file described below. Please respond to each request by listing the Bates numbers of the responsive ESI produced.

9.      Production should include a delimited load file supplying relevant field values for each type of ESI. The field values supplied should include without limitation and as applicable the following:

      a.      Source file name;

      b.      Source file path;

      c.      Last modified date;

      d.      Last modified time;

      e.      Custodian or source;

      f.      Document type;

      g.      MD5 hash value;

      h.      Redacted flag; and

      i.      Hash de-duplicated instance (by full path).

ESI that has different versions should be vertically de-duplicated using each duplicate's hash value. Near deduplication should not be employed so as to suppress different versions of a document, notations, comments, tracked changes, or application metadata.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  The insurance policy in effect on the date of Plaintiff's claim(s) making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit, including in native format for any ESI comprising such files. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All training and educational materials which instruct Defendant's claims adjusters or claims handlers who were assigned to or otherwise handled Plaintiff's Claim(s). This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers who were assigned to or otherwise handled Plaintiff's Claim(s).  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the property, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff, Plaintiff's Property, or Plaintiff's Claim(s), including in native format for any ESI comprising such communications and documents.

To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff, Plaintiff's Property, or Plaintiff's Claim(s), including in native format for any ESI comprising such communications and documents. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff, Plaintiff's Property, or Plaintiff's Claim(s), including in native format for any ESI comprising such communications and documents. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company regarding Plaintiff, Plaintiff's Property, or Plaintiff's Claim(s), including in native format for any ESI comprising such communications and documents. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the

Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all property insurance claims made by Plaintiff under its property insurance policy/policies with Defendant, specifically regarding damage to the: exterior and interior of Plaintiff's Property, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here. This request is limited to the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's property insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damage, and/or wind damage under property insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first property insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 et seq. and/or Article 21.55. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handling, review and/or adjusting of property insurance claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or

received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of property insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to property insurance claims. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to property insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of

ESI above, which are incorporated by reference as if fully stated here. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof

damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to Plaintiff's property, and specifically, the claim(s) made the basis of this suit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Any and all organizational charts for Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit in Texas, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** Any and all records reflecting payment to Plaintiff's claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit, from the time of hiring through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a

description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:** Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured policyholders. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and

Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:** All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:** All computer files, databases, electronically-stored information or computer-stored information regarding property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:** True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:** Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:** True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:** Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above,

which are incorporated by reference as if fully stated here. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:** Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:** Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claims files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:** Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:** Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:** Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims, along with a list of the lawsuits where testimony was given. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:** Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims, including but not limited to computer disks, e-mails, paperwork, and manuals. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:** Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:** Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:** Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:** Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gathered and produced in earlier complaints or lawsuits. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide, containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff under its insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** Studies commissioned by Defendant, including any done by a law firm to analyze its claim management strategies, and/or to help them improve corporate profits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s), or their supervisors, in all other cases involving the same or similar allegations as in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:** The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:** All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** Please produce your Claims Service record related to the claim that forms the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:** Please produce your Activity Log related to the claim that forms the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** Please produce your claims manual that applies or applied to this claim up to the time that you received a demand letter from Plaintiff or were served with the petition in this case.

**RESPONSE:**

**PLAINTIFF'S, ASTRO GATEWAY LLC, FIRST SET OF INTERROGATORIES TO
DEFENDANT, NATIONWIDE GENERAL INSURANCE COMPANY**

TO:    NATIONWIDE GENERAL INSURANCE COMPANY, Defendant

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, you are hereby requested to

provide separate and full answers under oath to the interrogatories below within fifty (5) days

after being served. These interrogatories are continuing in nature so far as to require Defendant

to serve amended or supplemental answers if further or different information is identified,

obtained, or received.

## DEFINITIONS

The following terms have the meanings indicated below. You are charged with knowledge
of such definitions in answering, and you should answer to the full scope and all elements of such
defined terms. These definitions are to be construed as broadly as possible to include the most
information responsive to the interrogatories within the permissible scope of discovery.

1.    "Property" means Plaintiff's property located at 6070 Gateway Boulevard E, El
Paso, Texas 79905, and as further described in Plaintiff's petition.

2.    "Policy" means the insurance policy issued by Nationwide General Insurance
Company providing coverage for the Property, and as further described in Plaintiff's petition.

3.    "Claim" or "Claim(s)" means the insurance claim or claims submitted by Plaintiff
under the Policy for storm-related loss and damages to the Property, including but not limited to the
insurance claim described in Plaintiff's petition.

4.    "Plaintiff" means Astro Gateway LLC, and includes its past and present agents, legal
representatives, non-legal representatives, personal representatives, attorneys, employees, heirs,
successors, and assigns, and also includes individuals and entities who act, have acted, purport to
act, or have purported to act on behalf of Astro Gateway LLC or who are or were at any time
controlled by Astro Gateway LLC.

5.    "You," "your," "Defendant," and "Nationwide" mean Defendant Nationwide
General Insurance Company, and includes its past and present directors, officers, agents,
predecessors, successors, assigns, legal representatives, non-legal representatives, personal
representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent
companies, sister companies, affiliated entities, and also includes individuals and entities who act,
have acted, purport to act, or have purported to act on behalf of Nationwide, or who are or were at
any time controlled by Nationwide.

6.     "Person," "persons," "entity," and "entities" means any natural person(s), firm(s), partnership(s), association(s), joint venture(s), corporation(s), and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

7.     The terms "identify" and "identity" mean:

(a)     with respect to an individual, that you are to provide his or her full legal name, current or last known address (business and home), and current or last known telephone number (business and home);

(b)     with respect to an organization or entity, that you are to provide its full legal name, the address for its current or last known principal place of business, its current or last known telephone number, and the identity of persons representing or employed by it having knowledge of the matters related to this lawsuit; and

(c)     with respect to a document, that you are to provide the date, addressee and/or recipient, sender and/or author thereof, and the type of writing (e.g., letter, inter-office memo, etc.).

8.     The terms "identify" and "identity" when used with respect to an activity means to provide:

(a)     a description of each action, occurrence, transaction, statement, communication, or conduct constituting the activity;

(b)     the date it occurred;

(c)     the location at which it occurred;

(d)     the identity of all persons and entities involved; and

(e)     the identity of each document relating to the activity.

9.     The term "describe" when used with respect to an activity, transaction, relationship, thing, or occurrence, means to provide:

(a)     a full description of such activity, transaction, relationship, thing, or occurrence by reference to underlying facts including complete references to:

(i)     date(s);

(ii)     location(s);

(iii)     persons or entities involved; and

(iv)     manner of means employed;

      (b)    the identity of your sources of information and the date on which you received such information;

      (c)    the identity of each person or entity having knowledge of such activity, transaction, relationship, thing, or occurrence; and

      (d)    the identity of each document that refers or relates to such activity, transaction, relationship, thing, or occurrence.

10.    With respect to the following words: (a) "and" means "or"; (b) "or" means "and/or"; (c) "all" includes and encompasses "any"; (d) "any" includes and encompasses "all"; and (e) "each" means "each and every."

11.    Whenever the context so requires, (i) the singular includes the plural and the plural includes the singular; and (ii) the masculine includes the feminine and the feminine includes the masculine.

12.    "Date" means the exact day, month, and year, if ascertainable, or if not ascertainable, the best approximation to the exact day, month, and year.

## INSTRUCTIONS

1.    In your responsive document, you must answer each interrogatory separately and fully in writing under oath in accordance with the Texas Rules of Civil Procedure. Each interrogatory must be restated immediately prior to the separate and full answer to that interrogatory.

2.    In answering these interrogatories, please furnish all information available to you, including information in the possession of your attorneys, or their investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge.

3.    These interrogatories seek answers as of the date served but also impose a continuing duty to supplement and correct under the Texas Rules of Civil Procedure, so that any additional or different information related in any way to these interrogatories and your answers to them, which you acquire or which becomes known to you at any time up to and including the time of trial, must be served promptly in supplemented or corrected answers to the interrogatories after such information is acquired or becomes known.

4.    In the event any interrogatory cannot be fully answered after the exercise of reasonable diligence, you must furnish as complete an answer as you can and explain the reasons why you cannot give a full answer, what is needed for you to give a full answer, and approximately when you will be able to give a full answer.

5.    If multiple persons or entities can answer for you, each person or entity must give a separate and full answer to each interrogatory unless the answer is the same for all persons or entities that can answer for you.

6.    In each interrogatory wherein you are asked to identify a person, please state the person's full name, last known address, and telephone number. If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

7.    Whenever an interrogatory asks for information concerning a document, you are requested to attach a copy of that document to your answers.

## RESERVATION OF OBJECTIONS

These interrogatories are submitted for the purpose of discovery and are not to be taken as Plaintiff's waiver of any objections that may be made at trial regarding the introduction or admissibility of any information or evidence covered by or related to these interrogatories, and are not to be taken as Plaintiff's admission as to the relevance or materiality of any information or evidence covered by or related to these interrogatories.

## FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**  State the name, address, telephone number, and position or job title of all persons who answered these interrogatories, supplied information used in answering these interrogatories, or assisted in any way with preparing the answers to these interrogatories. If more than one person answered, supplied information, or assisted, please identify the specific interrogatories each such person answered, supplied information for, or assisted with.

**ANSWER:**

**INTERROGATORY NO. 2:** With respect to Plaintiff's Claim(s) made the basis of this lawsuit, please describe the form and manner in which Plaintiff's notice of Claim(s) was submitted for the property damages at issue in this case and list the dates when: (a) Defendant received Plaintiff's notice of Claim(s); (b) Defendant first acknowledged Plaintiff's notice of Claim(s); (c) Defendant began its investigation of Plaintiff's Claim(s); (d) Defendant requested that Plaintiff provide any items, statements, forms, or information that were required in order to evaluate Plaintiff's Claim(s); (e) Defendant received or had all items, statements, forms, or information that were reasonably requested and required to evaluate and secure final proof of loss on Plaintiff's Claim(s); and (f) Defendant notified Plaintiff in writing of the acceptance or rejection of Plaintiff's Claim(s).

**ANSWER:**

**INTERROGATORY NO. 3:** State whether Defendant contends that Plaintiff did not provide requested items, statements, forms, or information that were required to evaluate and secure final proof of loss on Plaintiff's Claim(s) made the basis of this lawsuit. If so, state what items, statements, forms, or information were requested and not provided, and explain why Defendant completed its investigation and closed Plaintiff's Claim(s) without having such information.

**ANSWER:**

**INTERROGATORY NO. 4:** State the name, address, telephone number, and job title or position of all persons who performed any task to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, settle, review, handle, make entries, make decisions, and/or exchange any documents or communications, including electronic, regarding Plaintiff's Claim(s) made the basis of this lawsuit, and identify and describe the task or tasks that each such person performed. For any such person who is no longer an employee, agent, or representative of Defendant, please so indicate and provide the person's last known address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 5:** For each person identified in answer to Interrogatory No. 4, identify and describe his or her training, education, licenses, certifications, and other qualifications to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, settle, review, handle, or otherwise perform tasks towards resolving property damage claims under property insurance policies, including claims for hurricane, hail, wind, water, and roof damage.

**ANSWER:**

**INTERROGATORY NO. 6:** For each person identified in answer to Interrogatory No. 4, identify and describe his or her criminal history, including any felonies and crimes involving a dishonest act or false statement, for which that person was convicted or released from confinement in the past ten years.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify and describe the guidelines, parameters, goals, reviews, questions, criteria, tests, forms, or other material used to evaluate the performance, or quality of the job performance, carried out by any adjuster, inspector, investigator or supervisor assigned to Plaintiff's Claim(s) made the basis of this lawsuit. This question is limited to the past (5) years.

**ANSWER:**

**INTERROGATORY NO. 8:** State what you contend caused the loss and damage to Plaintiff's Property at issue in this case, and the basis and reasons for such contentions.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify and describe the steps taken and tasks completed to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, settle, review, and/or handle Plaintiff's Claim(s) made the basis of this lawsuit, including all start and finish dates and the identity of the persons who completed or participated in each of those steps and tasks.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify and describe the policies, procedures, practices, and guidelines that were followed or otherwise applied and any and all specific guidance or instructions that were given to anyone to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, settle, review, and/or handle Plaintiff's Claim(s) made the basis of this lawsuit, including the date when each such policy, procedure, practice, guideline, guidance, or instruction was implemented or given and the identities of the persons who implemented, gave, or received each such policy, procedure, practice, guideline, guidance, or instruction.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify and describe the facts, data, information, statements, and documents that were reviewed, considered, or relied on to determine or estimate the cause, scope, and/or amount of damage to Plaintiff's Property that: (a) Defendant found was a covered loss on Plaintiff's Claim(s) made the basis of this lawsuit, and (b) Defendant found was not a covered loss on Plaintiff's Claim(s) made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 12:** Do you contend that any act or omission on the part of Plaintiff, or any representative or agent of Plaintiff, in any way affected your ability to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, and/or settle Plaintiff's Claim(s) made the basis of this lawsuit? If yes, please identify and describe each such act or omission, including the date of the occurrence and the person responsible for such act or omission, and explain why Defendant completed its investigation and closed Plaintiff's Claim(s) despite the occurrence of such act or omission.

**ANSWER:**

**INTERROGATORY NO. 13:** State every basis, in fact and in the terms of the Policy, for Defendant's denial or payment of, recommendation of denial or payment of, and failure to pay Plaintiff's Claim(s), whether in whole or in part, for the property damages at issue in this case.

**ANSWER:**

**INTERROGATORY NO. 14:** Based on all information available to you, please describe the condition of Plaintiff's Property at issue in this lawsuit: (a) at the time you issued the Policy; (b) immediately before the reported loss at issue in this lawsuit; (c) immediately after the reported loss at issue in this lawsuit; and (d) at the time you investigated and adjusted Plaintiff's Claim(s) made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify and describe the facts, data and documents pertaining to the condition of the roof, exterior, and interior of Plaintiff's Property when Defendant evaluated whether to insure it, and any subsequent evaluations performed to determine whether to renew the Policy.

**ANSWER:**

**INTERROGATORY NO. 16:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Chapter 541 of the Texas Insurance Code, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 17:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Chapter 542 of the Texas Insurance Code, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 18:** For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under property/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

**ANSWER:**

**INTERROGATORY NO. 19:** Identify by name, address, and telephone number, all persons and or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**ANSWER:**

**INTERROGATORY NO. 20:** Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify by name, address, and telephone number, all persons and/or entities, agencies or agents, and brokers that have prepared or issued Plaintiff's Policy, including the initial policy, any renewal policies, and any endorsements or addendums thereto.

**ANSWER:**

**INTERROGATORY NO. 22:** Please state the name, address, and telephone number of any engineer(s) and engineering company(ies) used to evaluate Plaintiff's Claim(s) made the basis of this lawsuit, and identify the number of prior claims that each such engineer and engineering company worked for Defendant, the date(s) of each such engineer and engineering company's reports for each such prior claim, the addresses of the properties for which reports were done for each such prior claim, and the compensation each such engineer and engineering company received from Defendant for any services and work performed in the last five years, including with respect to Plaintiff's Claim(s) made the basis of this lawsuit.

**ANSWER:**

### PLAINTIFF'S, ASTRO GATEWAY LLC, REQUESTS FOR ADMISSIONS TO DEFENDANT, NATIONWIDE GENERAL INSURANCE COMPANY

TO:    NATIONWIDE GENERAL INSURANCE COMPANY, Defendant

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, you are hereby requested to admit or deny the requested admissions below within fifty (50) days after being served.

### DEFINITIONS

The following terms have the meanings indicated below. You are charged with knowledge of such definitions in responding, and you should respond to the full scope and all elements of such defined terms. These definitions are to be construed as broadly as possible to include the most information or documents responsive to the requests within the permissible scope of discovery.

1.    "Property" means Plaintiff's property located at 6070 Gateway Boulevard E, El Paso, Texas 79905, and as further described in Plaintiff's petition.

2.    "Policy" means the insurance policy issued by Nationwide General Insurance Company providing coverage for the Property, and as further described in Plaintiff's petition.

3.    "Claim" or "Claim(s)" means the insurance claim or claims submitted by Plaintiff under the Policy for storm-related loss and damages to the Property, including but not limited to the insurance claim described in Plaintiff's petition.

4.    "Plaintiff" means Astro Gateway LLC, and includes its past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Astro Gateway LLC or who are or were at any time controlled by Astro Gateway LLC.

5.    "You," "your," "Defendant," and "Nationwide" mean Defendant Nationwide General Insurance Company, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Nationwide, or who are or were at any time controlled by Nationwide.

## REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Defendant's principal place of business is Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Defendant conducts the business of insurance in Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Defendant insured Plaintiff's property that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Defendant insured Plaintiff's property against wind and hail damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Plaintiff's roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** The windstorm created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's property causing damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** As a result of water leaking into Plaintiff's property, Plaintiff's personal property was damaged.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** The exterior of Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** The windstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Plaintiff's property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Plaintiff's roof sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** The exterior of Plaintiff's property sustained hail damage as a result of the hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Plaintiff's personal property was damaged as a result of the hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** The hailstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Defendant improperly and unreasonably adjusted Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Defendant performed an outcome-oriented investigation of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Defendant did not conduct a reasonable investigation of Plaintiff's damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Defendant has unreasonably delayed payment to the Plaintiff and failed to fairly settle Plaintiff's claim even though liability was reasonably clear.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Defendant was not open and honest in its adjustment of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property did not need to be replaced.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Defendant was aware that the damage to Plaintiff's Property warranted replacement and not repair.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Defendant took advantage of Plaintiff's lack of knowledge and experience.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Defendant made material false representations and/or material false promises to Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Defendant intended that Plaintiff would rely on these false representations, and upon which Plaintiff did reasonably rely to its detriment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Defendant breached its insurance contract with Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Defendant purposely denied and/or underpaid Plaintiff's claim in order to continue making profit off of Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Defendant provided a bonus to its adjuster in relation to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last five (5) years.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Defendant adjuster has been sued in the past five (5) years for the mishandling of claims.

**RESPONSE:**

## PLAINTIFF'S, ASTRO GATEWAY LLC, REQUESTS FOR DISCLOSURE TO DEFENDANT, TAYLOR MAYNARD

TO:    TAYLOR MAYNARD, Defendant

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information requested below.

### REQUESTS FOR DISCLOSURE TO DEFENDANT

**REQUEST FOR DISCLOSURE 194.2(a):** The correct name of the parties to the lawsuit.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(b):** Name, address, and telephone number of any potential parties.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(c):** The legal theories and, in general, the factual bases for your claims or defenses.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(d):** The amount and any method of calculating economic damages.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(e):** The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(f):** For any testifying expert:

(a)    the expert's name, address, and telephone number;

(b)    the subject matter on which the expert will testify;

(c)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

(d)    if the expert is retained by, employed by, or otherwise subject to your control:

(i)     all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

(ii)    the expert's current resume and bibliography.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(g):** Any indemnity and insuring agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(h):** Any settlement agreements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(i):** Any witness statements.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(j):** All medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

**RESPONSE:**

**REQUEST FOR DISCLOSURE 194.2(l):** The name, address and telephone number of any person who may be designated as a responsible third party.

**RESPONSE:**

**PLAINTIFF'S, ASTRO GATEWAY LLC, FIRST REQUESTS FOR PRODUCTION TO DEFENDANT, TAYLOR MAYNARD**

TO:     TAYLOR MAYNARD, Defendant

Instructions: Pursuant to the provisions of TEX. R. CIV. P. 196, you are hereby requested to produce the below designated documents. Pursuant to Rule 196.3, you are requested to serve responses and originals or copies of the originals at the law offices of ALLAN, NAVA & GLANDER, PLLC. Pursuant to Rule 196.2, a Response to these Requests shall be served within fifty (50) days after receipt of the Requests. Pursuant to Rule 196.3, the documents must be produced as they are kept in the usual course of business, or organized and labeled to correspond to the requests for production.

Definitions: The following terms have the meanings indicated below. You are charged with knowledge of such definitions in responding, and you should respond to the full scope and all elements of such defined terms. These definitions are to be construed as broadly as possible to include the most information or documents responsive to the requests.

1.      "Property" means Plaintiff's property listed or further described in Plaintiff's petition.

2.      "Policy" means the insurance policy issued by Defendant providing coverage for the Property, and as further described in Plaintiff's petition.

3.      "Claim" or "Claim(s)" means the underlying insurance claim or claims submitted by Plaintiff under the Policy for damages to the Property, and as further described in Plaintiff's petition.

4.      The term "Plaintiff" means the named entity(ies) in the petition and includes its past and present agents, assigns, legal representatives, non-legal representatives, personal representatives, and attorneys, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on its behalf, or who are or were at any time controlled by them.

5.      The terms "you," "your," and "Defendant," means the named defendant in Plaintiff's petition and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries, parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Taylor Maynard , or who are or were at any time controlled by Taylor Maynard .

6.      "Documents" means all writings, drawings, graphs, charts, photographs, pictures, films, tapes, sound recordings, images, data, and data compilations of every kind, source, and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether they are intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without

limitation any government agency, department, administrative, or private entity or person. The term includes handwritten, typewritten, printed, photocopied, photographic, and other recorded matter, as well as electronically stored data on magnetic, digital, optical, or Internet cloud storage media as an "active" file or files (readily readable by one or more computer applications or forensics software), any "deleted" but recoverable electronic files, and any electronic file fragments (files that have been deleted and partially overwritten with new data) in, or accessible through, computer or other information storage or retrieval systems, together with the codes or programming instructions and other materials necessary to understand and use such systems.

7.    "Person," "persons," "entity," or "entities" means any natural person, firms, partnerships, associations, joint ventures, corporations, and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

8.    "Correspondence," "communication," or "communications" means any transmission, receipt, or exchange of information between two (2) or more persons, orally or in writing, and includes, without limitation, any conversation or discussion, whether face-to-face or by means of telephone, letter, facsimile, electronic, digital, or other media.

9.    With respect to the following words: (a) "and" means "or"; (b) "or" means "and/or"; (c) "all" includes and encompasses "any"; (d) "any" includes and encompasses "all"; and (e) "each" means "each and every."

10.    Whenever the context so requires, (i) the singular includes the plural and the plural includes the singular; and (ii) the masculine includes the feminine and the feminine includes the masculine.

11.    "Relates" or "relating" means any relationship of whatever kind or nature, be it direct or indirect.

12.    "Concern" or "concerning" means and includes pertaining to, referring to, relating to, alluding to, connected with, commenting on, regarding, comprising, discussing, showing, describing, mentioning, memorializing, reflecting, analyzing, constituting, and evidencing.

13.    "Date" means the exact day, month, and year, if ascertainable, or if not ascertainable, the best approximation to the exact day, month, and year.

## GENERAL INSTRUCTIONS

1.    The definitions and instructions in this document require responses and the production of responsive documents and things based on the information available to you as well as your attorneys, representatives, investigators, and others acting on your behalf.

2.    You are requested to produce for inspection and copying all responsive documents and things in your possession, custody, or control, including all documents and things in the possession or custody of your attorneys, consultants, agents, other representatives, and other persons or entities subject to your control.

3.      You must make a complete production of requested documents and things by the date and during the timeframe specified above.

4.      These requests seek responses and the production of responsive documents and things as of the date served but also impose a continuing duty to supplement and correct under the Texas Rules of Civil Procedure, so that any additional or different information, documents, and things related in any way to these requests and your responses to them, which you acquire or which becomes known to you at any time up to and including the time of trial, must be served promptly in supplemented or corrected responses to the requests after such information, documents, and things are acquired or become known.

5.      Unless otherwise requested, you are to produce the documents and things as they are kept in the ordinary course of business, with appropriate markings or designations that identify which requests they are responsive to.

6.      You must produce the original and all non-identical copies of each requested document or thing, including all copies which bear any additional file stamps, marginal notes, or other additional markings or writings that do not appear on the original. Your production must include the file, envelope, folder, binder, or other container in which the responsive documents and things are kept. If, for any reason, such a container cannot be produced, you are to produce copies of all labels or other identifying markings found on the unproduced container.

7.      Documents that exist in digital format and constitute or comprise databases or other tabulations or collections of data or information should be produced in both a hard copy printout of the document and a copy of the computer or electronic tape, disc, or other electronic medium on which the document is stored. Documents that exist in digital format and constitute or comprise written communications between natural persons (e.g., e-mails, instant messages, memos, letters, etc.) should be produced both in a machine-readable format and hard-copy form.

8.      Any requested documents that do not exist in a native electronic format are hereby requested to be produced in searchable PDF format with logical unitization preserved and Bates numbering on each page in a manner that does not obscure any content.

9.      If you are unable to produce a document or thing as requested, state in writing why you cannot produce the document or thing and, if the document or thing is not in your possession or the possession of a person from whom you could obtain it, state the name, address, and telephone number of any person you believe may have the original or a copy of any such document or thing.

10.     If you cannot fully respond to any request after a diligent attempt, respond to the request to the greatest extent possible and specify the portion of the request to which you are unable to respond.

11.     If you object to or otherwise refuse to answer and produce documents or things responsive to any portion or any aspect of a request, (i) state the grounds of your objection or

reason for your refusal with specificity, and (ii) respond to the remainder of the request to which you do not object or refuse to answer as follows:

    a.    If you object to a request on the grounds that it is too broad (i.e., that you believe the request calls for information that is both relevant and not relevant to the subject matter of the action), you must answer the request and produce documents and things in response to the request by providing as much information and producing all documents which you believe may be relevant;

    b.    If you object to a request on the ground that to provide an answer or produce documents or things would constitute an undue burden, then you must produce as many of the requested documents or things as can be provided without undertaking such burden; and

    c.    If you object to any portion of a request on the ground that it is vague, ambiguous, or indefinite, then you must state your understanding of the allegedly vague, ambiguous, or indefinite term(s) and then answer the request and produce documents and things based on your stated understanding.

12.    With regard to any document or thing withheld by you from inspection and copying, such as on the basis of a claim of attorney-client privilege or work product immunity, identify the document or thing by its:

    a.    date;

    b.    type (e.g., letter, memorandum, photograph, computer printout, etc.);

    c.    subject matter;

    d.    author or originator;

    e.    addressee or addressees, and any person known or believed by you to have received a copy or have seen a copy of the document or thing;

    f.    the present custodian of each copy of the document or thing;

    g.    alleged ground or grounds for withholding production;

    h.    sufficient particulars to allow Plaintiff to evaluate the claim of privilege or immunity; and

    i.    the portion of the document or thing as to which the privilege is claimed.

13.    If you contend that any document or thing has been lost or destroyed, set forth the contents of the document or thing, the location of any copies, the date of loss or destruction, the

name of the person who ordered or authorized the destruction, if any, and the authority and reasons for such destruction.

## RESERVATION OF OBJECTIONS

These requests are submitted for the purpose of discovery and are not to be taken as Plaintiff's waiver of any objections that may be made at trial regarding the introduction or admissibility of any information or evidence covered by or related to these requests, and are not to be taken as Plaintiff's admission as to the relevance or materiality of any information or evidence covered by or related to these requests.

## DEFINITION AND INSTRUCTIONS FOR PRODUCTION OF ESI

1.    "ESI" means any electronically stored information of whatever character, including but without limitation, data files, databases, documents, word processor files, text files, spreadsheets, presentations, images, photographs, audio files, video files, disc and media files, emails, Internet messages, instant messages, text messages, social media, online posts, web pages, Internet files, compressed files, and any other data, files, or information that exists in electronic or magnetic form, which are saved or stored on a hard drive, solid state drive, virtual drive, zip drive, flash drive, memory card, memory stick, disk, diskette, CD, DVD, blu ray disc, tape cassette, magnetic strip, cell phone, tablet, computer, server, Internet domain, digital account, cloud storage, or any other type of device, media, or means of electronically or magnetically saving or storing such data, files, or information.

2.    Any ESI that exists is specifically requested to be produced in native format, pursuant to Rule 196.4 of the Texas Rules of Civil Procedure and should not be altered in any way or converted to another format (e.g., .pdf or .tiff), except to the extent necessary to remove or redact privileged content, in which case a privilege log is requested.

3.    Native format means production in the same format in which the ESI was originally created, used, and/or stored with any and all metadata preserved. Examples of native formats in which specific types of ESI should be produced are as follows:

| ESI Types | Native Formats |
|---|---|
| Audio files | .aif (AIF audio file) |
| | .cda (CD audio track file) |
| | .mid or .midi (MIDI audio file) |
| | .mp3 (MP3 audio file) |
| | .mpa (MPEG-2 audio file) |
| | .ogg (Ogg Vorbis audio file) |
| | .wav (WAV file) |
| | .wma (WMA audio file) |
| Compressed files | .7z (7-Zip compressed file) |
| | .arj (ARJ compressed file) |
| | .deb (Debian software package file) |
| | .pkg (Package file) |
| | .rar (RAR file) |

| | |
|---|---|
| | .rpm (Red Hat Package Manager) |
| | .tar.gz (Tarball compressed file) |
| | .z (Z compressed file) |
| | .zip (Zip compressed file) |
| Data and database files | .csv (Comma separated value file) |
| | .dat (Data file) |
| | .db or .dbf (Database file) |
| | .log (Log file) |
| | .mdb (Microsoft Access database file) |
| | .sav (Save file) |
| | .sql (SQL database file) |
| | .tar (Linux / Unix tarball file archive) |
| | .xml (XML file) |
| Disc and media files | .bin (Binary disc image) |
| | .dmg (macOS X disk image) |
| | .iso (ISO disc image) |
| | .toast (Toast disc image) |
| | .vcd (Virtual CD) |
| Documents | .doc and .docx (Microsoft Word document) |
| Word processor files | .odt (OpenOffice Writer document) |
| Text files | .pdf (PDF file) |
| | .rtf (Rich Text Format) |
| | .tex (A LaTeX document file) |
| | .txt (Plain text file) |
| | .wks and .wps (Microsoft Works file) |
| | .wpd (WordPerfect document) |
| Emails | .eml (plain text format) |
| Internet messages | .emlx (Apple Mail format) |
| | .mbx (Mbox format) |
| | .msg (Microsoft Outlook format) |
| | .ost (Microsoft Outlook Exchange file) |
| | .pst (Microsoft Outlook folder file) |
| Images | .ai (Adobe Illustrator file) |
| Photographs | .bmp (Bitmap image) |
| | .gif (GIF image) |
| | .ico (Icon file) |
| | .jpeg or .jpg (JPEG image) |
| | .png (PNG image) |
| | .ps (PostScript file) |
| | .psd (PSD image) |
| | .svg (Scalable Vector Graphics file) |
| | .tif or .tiff (TIFF image) |
| Internet files | .asp and .aspx (Active Server Page file) |
| Web pages | .cfm (ColdFusion Markup file) |
| | .cgi or .pl (Perl script file) |
| | .css (Cascading Style Sheet file) |

|  | .htm and .html (HTML file) |
|  | .js (JavaScript file) |
|  | .jsp (Java Server Page file) |
|  | .php (PHP file) |
|  | .py (Python file) |
|  | .rss (RSS file) |
|  | .xhtml (XHTML file) |
| Presentations | .key (Keynote presentation) |
|  | .odp (OpenOffice Impress presentation file) |
|  | .pps (PowerPoint slide show) |
|  | .ppt and .pptx (PowerPoint presentation) |
| Spreadsheets | .ods (OpenOffice Calc spreadsheet file) |
|  | .xlr (Microsoft Works spreadsheet file) |
|  | .xls and .xlsx (Microsoft Excel file) |
| Video files | .3g2 (3GPP2 multimedia file) |
|  | .3gp (3GPP multimedia file) |
|  | .avi (AVI file) |
|  | .flv (Adobe Flash file) |
|  | .h264 (H.264 video file) |
|  | .m4v (Apple MP4 video file) |
|  | .mkv (Matroska Multimedia Container) |
|  | .mov (Apple QuickTime movie file) |
|  | .mp4 (MPEG4 video file) |
|  | .mpg or .mpeg (MPEG video file) |
|  | .rm (RealMedia file) |
|  | .swf (Shockwave flash file) |
|  | .vob (DVD Video Object) |
|  | .wmv (Windows Media Video file) |

4.    ESI such as emails, Internet messages, and text messages should be produced so as to preserve and supply the header data, source content, and attachments in a fielded, electronically-searchable format. For Microsoft Exchange or Outlook messaging, .ost or .pst format will suffice. Single message production formats like .msg or .eml may be furnished if source foldering data is preserved and produced. If your workflow requires that attachments be extracted and produced separately from transmitting messages, attachments should be produced in their native format with parent/child relationships to the message and container(s) preserved and produced.

5.    Unless the entire contents of a database are responsive, extract responsive content to a fielded and electronically searchable format preserving keys and field relationships. If doing so is infeasible, please identify the database and supply information concerning the scheme and query language of the database, along with a detailed description of its export capabilities, so as to facilitate the crafting of queries to extract and export responsive data.

6.    Examples of responsive forms of items set out in these instructions or in any request should not be construed to limit the scope of the request(s).

7.      Production should be made using physical media, such as a hard drive, solid state drive, zip drive, flash drive, memory card, memory stick, CD, or DVD, or using electronic means, such as email or link to files on a server, so long as use of such media or means preserves and does not materially alter or convert the content and any and all metadata of the ESI produced.

8.      ESI produced should be Bates numbered by naming the files produced to conform to the Bates numbering convention assigned to the case, supplying the original file name data in the delimited load file described below. Please respond to each request by listing the Bates numbers of the responsive ESI produced.

9.      Production should include a delimited load file supplying relevant field values for each type of ESI. The field values supplied should include without limitation and as applicable the following:

    a.      Source file name;

    b.      Source file path;

    c.      Last modified date;

    d.      Last modified time;

    e.      Custodian or source;

    f.      Document type;

    g.      MD5 hash value;

    h.      Redacted flag; and

    i.      Hash de-duplicated instance (by full path).

ESI that has different versions should be vertically de-duplicated using each duplicate's hash value. Near deduplication should not be employed so as to suppress different versions of a document, notations, comments, tracked changes, or application metadata.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**  The insurance policy in effect on the date of Plaintiff's claim(s) making the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:**  The entire claims investigation files generated and maintained by Defendant in the ordinary course of business pertaining to Plaintiff's claim(s) making the basis of this lawsuit, including in native format for any ESI comprising such files. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:**  All training and educational materials which instruct Defendant's claims adjusters or claims handlers who were assigned to or otherwise handled Plaintiff's Claim(s). This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:**  All training and educational materials which instruct claims adjusters or claims handlers in handling claims for coverage for property damage, hurricane damage, hail, water damage, roof and/or wind damage under Defendant's property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers who were assigned to or otherwise handled Plaintiff's Claim(s).  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:**  All procedure or policy manuals or guides meant to guide and assist Defendant's claims adjusters or claims handlers in handling claims for property damage, hurricane damage, hail, water damage, roof damages, and/or wind damage to the property, including the criteria, for and the process for, evaluating whether coverage exists under Defendant's property insurance policies in Texas.  This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:**  All communications and documents, including electronic, between Defendant and Plaintiff regarding Plaintiff, Plaintiff's Property, or Plaintiff's Claim(s), including in native format for any ESI comprising such communications and documents.

To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 8:** All communications and documents, including electronic, between Defendant and any third party regarding Plaintiff, Plaintiff's Property, or Plaintiff's Claim(s), including in native format for any ESI comprising such communications and documents. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 9:** All communications and documents, including electronic, between Defendant and any other Defendant(s) regarding Plaintiff, Plaintiff's Property, or Plaintiff's Claim(s), including in native format for any ESI comprising such communications and documents. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 10:** All communications and documents, including electronic, between Defendant's business departments, including all persons part of the Defendant company regarding Plaintiff, Plaintiff's Property, or Plaintiff's Claim(s), including in native format for any ESI comprising such communications and documents. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 11:** All photographs, diagrams, drawings, or other graphic depictions of Plaintiff or the Property made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 12:** Any and all documents, reports, data, emails, notes, photos, videos, manuals, guides, and summaries regarding the insurance claim(s) made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the

Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 13:** All reports and other documents from governmental agencies or offices regarding Plaintiff's Property or containing officially kept information regarding Plaintiff's Property.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 14:** Any and all claims files and claim reports, including but not limited to notes, emails, data, photos, videos, manuals, guides, summaries and claim documents, regarding all property insurance claims made by Plaintiff under its property insurance policy/policies with Defendant, specifically regarding damage to the: exterior and interior of Plaintiff's Property, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here. This request is limited to the last ten (10) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 15:** Any and all records and/or documents explaining criteria utilized to qualify vendors for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 16:** Any and all records and/or documents maintained by person(s) responsible for maintaining and updating the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 17:** Any and all records and/or documents maintained by person(s) responsible for creating the criteria utilized to qualify vendors, including contractors and roofing companies, for the "approved vendors list."

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 18:** All documents, including reports, estimates, data, emails, testing, sampling, videos, and photographs received by Defendant regarding inspections of Plaintiff's Property made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 19:** Any and all records Defendant received, including those obtained by way of deposition by written questions, regarding Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Any and all records or documents Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 21:** Any and all claims files Defendant has reviewed and/or obtained regarding Plaintiff's Property made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 22:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage under Defendant's property insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 23:** All bulletins or other communications received from the Texas Department of Insurance, the Texas Insurance Commissioner, or their agents, regarding practices in the handling of claims for property damage, hurricane damage, hail, water damage, hail damage, roof damage, and/or wind damage under property insurance policies in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 24:** All materials meant to instruct and guide claims adjusters under Texas law and/or company policy with regard to unfair claims settlement practices, unfair claims handling practices, standards to be met in adjusting or handling Defendant's first property insurance claims, or avoiding charges of bad faith. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 25:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §541.060 and/or Article 21.21. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 26:** All materials meant to instruct and guide Defendant's claims adjusters under Texas law and/or company policy with regard to understanding and complying with the Texas Insurance Code §542.055 et seq. and/or Article 21.55. This request is specifically limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 27:** Any and all materials, documents, statements and/or files that demonstrate Defendant's net worth and Defendant's net income. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 28:** Any and all materials, documents, statements and/or files that reflect complaints and/or lawsuits filed by insured against Defendant regarding the handling, review and/or adjusting of property insurance claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 29:** A copy of each advertisement Defendant has used, published and/or distributed, through any means, in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 30:** Any and all materials, handouts, manuals, outlines, articles and/or documents used or relied upon by Defendant to conduct any seminars and/or continuing education classes for Defendant's employees and/or independent adjusters, regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, and property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 31:** Any and all materials, handouts, manuals, outlines, articles and/or documents issued by Defendant to claims representatives and/or adjusters, or

received by claims representatives and/or adjusters, or relied upon by claims representatives and/or adjusters, pertaining to the adjusting and/or handling of property insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 32:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents distributed and/or disbursed to Defendant's employer, employees, agents and/or representatives in connection with attendance at seminars and/or continuing education classes regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, and property damage, hurricane claims, hail, water damage, roof damage claims and/or wind damage claims in Texas, within the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 33:** Any and all materials reflecting Defendant's attendance policies for adjusters and claims representatives at seminars and/or continuing education classes regarding the adjusting and/or handling of property insurance claims, commercial insurance claims, property damage claims, hurricane claims, water damage claims, roof damage claims, and/or wind damage claims in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 34:** Any and all materials, documents, files and/or reports sent to Defendant by its employer, employees, agents, and/or representatives on a monthly, weekly, or daily basis regarding Plaintiff's claim(s). Include any and all field notes and summaries of the room-by-room scope of Plaintiff's Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 35:** Any and all materials, documents, files, and/or reports containing list(s) of contractors and/or roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas, specifically related to property insurance claims. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 36:** Any and all computer programs, electronic data, documents, and/or manuals used by the adjusters and claims representatives to perform property damage estimates relating to property insurance claims in Texas, including a complete copy of the computer program used to adjust Plaintiff's claim(s). To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of

ESI above, which are incorporated by reference as if fully stated here. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 37:** Any and all reference materials, handouts, manuals, outlines, articles, and/or documents that have been distributed by and/or disbursed to Defendant regarding the price estimates of contractors and changes of those estimates within different geographical areas of the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 38:** Any and all materials, documents, files and/or reports of contractors and roofing companies that have been approved and/or recommended for performance of services for Defendant in Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 39:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate Plaintiff's claim(s) made the basis of this lawsuit, prepared on behalf of the Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 40:** Any and all materials, documents, files, invoices, and/or reports of any and all contractors and roofing companies retained to investigate, inspect, and/or evaluate claims similar in nature to Plaintiff's claim(s) asserted in this lawsuit, prepared on behalf of Defendant. This request is limited to the State of Texas. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 41:** A complete copy of the entire personnel file(s) of any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 42:** The most recent address maintained on file for any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 43:** Any and all documents and/or claim files for persons or entities that have filed property damage, hurricane damage, hail, water damage, roof

damage, and/or wind damage claims that have been adjusted by any adjusters and/or adjusting companies on behalf of Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 44:** Any and all activity logs relating to Plaintiff's claim(s) for property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage to Plaintiff's property, and specifically, the claim(s) made the basis of this suit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 45:** Any and all documents reflecting company guidelines, procedures, or policies that serve as criteria for evaluating whether claims are covered or excluded by any policy provisions Defendant contends applied to Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 46:** Any and all organizational charts for Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 47:** Any and all organizational charts or diagrams for each department, unit, or section of Defendant to which Plaintiff's claim(s) was assigned.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 48:** Any and all charts or diagrams reflecting the chain of command or supervisory hierarchy relating to each person involved in handling Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 49:** Any and all claims and underwriting files for each claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage made against Defendant, investigated by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit in Texas, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 50:** Any and all demand letters received by Defendant after the handling of a claim involving property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage that was adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 51:** Any and all documents reflecting or relating to Defendant's decision to pay or deny additional expenses to or on behalf of Plaintiff in this case, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 52:** Any and all records reflecting payment to Plaintiff's claim(s) made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 53:** Any and all documents, including correspondence and checks, exchanged between Defendant and any and all vendors concerning Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 54:** Any and all documents relating to or reflecting any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 55:** Any and all documents relating to the assignment of Plaintiff's claim(s) to any and all adjusters assigned to Plaintiff's claim made the basis of this lawsuit, from the time of hiring through the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 56:** Any and all documents relating to or reflecting referrals of vendors to Plaintiff or any insured.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 57:** If you are withholding documents based upon the assertion of a privilege, please produce a privilege log, detailing with reasonable particularity a

description of the documents withheld, the number of documents, and the applicable privilege which Defendant claims properly precludes the information discovery.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 58:** Any and all advanced or specialized certifications of personnel who inspected, investigated, and/or supervised the adjusting of the claim(s) pertaining to the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 59:** Any and all documents, including contracts, rules, guidelines and/or instructions exchanged between Defendant, Plaintiff and any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present, and any other entities with whom Defendant worked or communicated regarding the Property made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 60:** All physical or tangible items and/or potentially usable evidence obtained by, or on behalf of, Defendant from the scene of the occurrence made the basis of this suit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 61:** Any and all indemnity agreements between Defendant and any other person, firm, or corporation against which a claim of indemnification might be brought because of the facts in this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 62:** Any and all complaint policies and procedures regarding the handling by Defendant of complaints made by insured policyholders. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 63:** Copies of all job descriptions of employees that adjusted or in any way supervised the handling of Plaintiff's claim(s).

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 64:** All non-privileged e-mails regarding the investigation, adjusting, and/or handling of the claim(s) made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and

Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 65:** All e-mails between Defendant's adjusters, agents, supervisors, officers, and/or executives regarding changes in the educational programs relating to the handling of property damage, hurricane damage, hail, water damage, and/or roof damage claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 66:** All computer files, databases, electronically-stored information or computer-stored information regarding property damage, hurricane damage, water damage and/or roof damage that have been compiled, prepared, and/or supervised by Defendant, whether or not they are in Defendant's possession or in the possession of another entity.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 67:** True and complete copies of all billing records from any and all independent adjusters regarding the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 68:** True and complete copy of activity logs filed by the staff and independent adjusters on the file pertaining to the claim(s) made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 69:** Any and all reports, documents, or correspondence containing the names and locations of all adjusters who have worked on this file to the present.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 70:** True and complete copies of all billings on the file from the independent adjusters, including the time sheets or documentation used to justify the billings.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 71:** Any and all reports, documents or correspondence reflecting the reserving and payment history of indemnity, expenses, and vendors on this file including but not limited to dates, changes and requests made by the adjusters, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above,

which are incorporated by reference as if fully stated here. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 72:** Any and all correspondence and lawsuits involving vendors, staff or management involved with property claims, property damage, hurricane damage, hail, water damage, roof damage, and/or wind damage claims. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 73:** Any and all correspondence and lawsuits concerning the issues of honesty, conflict of interest, criminal actions, past criminal record, criminal conduct, fraud investigation and/or inappropriate behavior of any person associated with the handling of Defendant's claims files, management of property damage, hail, water damage, roof damage and/or wind damage claims, including staff and vendors.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 74:** Any and all answers made in previous discovery requests for lists or databases of property damage, hurricane damage, hail damage, water damage, roof damage and/or wind damage.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 75:** Any and all answers and affidavits made by Defendant and its counsel in previous discovery requests for training procedures, and training manuals for property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage claims.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 76:** Any and all reports, documents or correspondence reflecting the history of payment and reserves on this file.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 77:** Any and all reports, documents or correspondence containing names of designated individuals who gave testimony as Person Most Knowledgeable for claims, property damage, hurricane damage, catastrophe, hail damage, water damage, roof damage, and/or wind damage claims, along with a list of the lawsuits where testimony was given. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 78:** Any and all training manuals used by vendors to train their adjusters on property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage for Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 79:** Any and all correspondence from Defendant to and from vendors regarding any instructions, procedures, changes, training, payments, and billing for property damage, hurricane, flood, wind, hail and catastrophe claims, including but not limited to computer disks, e-mails, paperwork, and manuals. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 80:** Any and all correspondence concerning issues with billing and claims handling with Defendant's vendors, and/or independent adjusting companies. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 81:** Any and all demand letters, lawsuits and/or subrogation claims filed against any of Defendant's vendors, or by any vendors against Defendant. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 82:** Any and all reports, documents or correspondence containing lists of attendees, dates, and locations of all meetings conducted by Defendant for all independent adjusters and Defendant's staff for property damage claims, hurricane damage claims, flood damage claims, wind damage claims, hail damage claims, water damage claims, and/or roof damage claims training. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 83:** Any and all reports, documents or correspondence containing lists of files with written complaints or DOI complaints on property damage, hurricane damage, wind damage, hail damage, water damage, and/or roof damage claims previously gathered and produced in earlier complaints or lawsuits. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 84:** Any and all reports, documents or correspondence containing lists of all lawsuits or disputes filed against Defendant or its entities or affiliates nationwide, containing an element of property damage, hurricane damage, hail damage, water damage, roof damage, and/or wind damage. This request is limited to the last five (5) years.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 85:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff under its insurance policy in effect during the time of the insurance claim made the basis of this lawsuit, and which was issued by Defendant.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 86:** Copies of the front and back of each negotiated check made payable solely or co-payable to Plaintiff regarding the insurance claim made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 87:** Studies commissioned by Defendant, including any done by a law firm to analyze its claim management strategies, and/or to help them improve corporate profits.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 88:** Affidavits or depositions of the employee(s) who handled Plaintiff's claim(s), or their supervisors, in all other cases involving the same or similar allegations as in this case.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 89:** The entire underwriter's file for underwriting the insurance policy made the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 90:** All notes, reports, documents, or applications created and/or generated by Defendant's underwriting department relating to the insurance policy made the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 91:** Please produce your Claims Service record related to the claim that forms the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 92:** Please produce your Activity Log related to the claim that forms the basis of this lawsuit, and the inspection thereof, including in native format for any ESI comprising such items. To the extent the requested production consists in whole or in part of ESI, please refer to the Definition and Instructions for Production of ESI above, which are incorporated by reference as if fully stated here.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 93:** Please produce your claims manual that applies or applied to this claim up to the time that you received a demand letter from Plaintiff or were served with the petition in this case.

**RESPONSE:**

### PLAINTIFF'S, ASTRO GATEWAY LLC, FIRST SET OF INTERROGATORIES TO DEFENDANT, TAYLOR MAYNARD

TO:    TAYLOR MAYNARD, Defendant

Pursuant to Rule 197 of the Texas Rules of Civil Procedure, you are hereby requested to provide separate and full answers under oath to the interrogatories below within fifty (5) days after being served. These interrogatories are continuing in nature so far as to require Defendant to serve amended or supplemental answers if further or different information is identified, obtained, or received.

### DEFINITIONS

The following terms have the meanings indicated below. You are charged with knowledge of such definitions in answering, and you should answer to the full scope and all elements of such defined terms. These definitions are to be construed as broadly as possible to include the most information responsive to the interrogatories within the permissible scope of discovery.

1.    "Property" means Plaintiff's property located at 6070 Gateway Boulevard E, El Paso, Texas 79905, and as further described in Plaintiff's petition.

2.    "Policy" means the insurance policy issued by Taylor Maynard providing coverage for the Property, and as further described in Plaintiff's petition.

3.    "Claim" or "Claim(s)" means the insurance claim or claims submitted by Plaintiff under the Policy for storm-related loss and damages to the Property, including but not limited to the insurance claim described in Plaintiff's petition.

4.    "Plaintiff" means Astro Gateway LLC, and includes its past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Astro Gateway LLC or who are or were at any time controlled by Astro Gateway LLC.

5.    "You," "your," "Defendant," and "Mr. Maynard" mean Defendant Taylor Maynard, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Mr. Maynard, or who are or were at any time controlled by Mr. Maynard.

6. "Person," "persons," "entity," and "entities" means any natural person(s), firm(s), partnership(s), association(s), joint venture(s), corporation(s), and any other form of business organization or arrangement, as well as government or quasi-governmental agencies. If other than a natural person, include all natural persons associated with such entity.

7. The terms "identify" and "identity" mean:

  (a) with respect to an individual, that you are to provide his or her full legal name, current or last known address (business and home), and current or last known telephone number (business and home);

  (b) with respect to an organization or entity, that you are to provide its full legal name, the address for its current or last known principal place of business, its current or last known telephone number, and the identity of persons representing or employed by it having knowledge of the matters related to this lawsuit; and

  (c) with respect to a document, that you are to provide the date, addressee and/or recipient, sender and/or author thereof, and the type of writing (e.g., letter, inter-office memo, etc.).

8. The terms "identify" and "identity" when used with respect to an activity means to provide:

  (a) a description of each action, occurrence, transaction, statement, communication, or conduct constituting the activity;

  (b) the date it occurred;

  (c) the location at which it occurred;

  (d) the identity of all persons and entities involved; and

  (e) the identity of each document relating to the activity.

9. The term "describe" when used with respect to an activity, transaction, relationship, thing, or occurrence, means to provide:

  (a) a full description of such activity, transaction, relationship, thing, or occurrence by reference to underlying facts including complete references to:

    (i) date(s);

    (ii) location(s);

    (iii) persons or entities involved; and

    (iv) manner of means employed;

(b)     the identity of your sources of information and the date on which you received such information;

(c)     the identity of each person or entity having knowledge of such activity, transaction, relationship, thing, or occurrence; and

(d)     the identity of each document that refers or relates to such activity, transaction, relationship, thing, or occurrence.

10.     With respect to the following words: (a) "and" means "or"; (b) "or" means "and/or"; (c) "all" includes and encompasses "any"; (d) "any" includes and encompasses "all"; and (e) "each" means "each and every."

11.     Whenever the context so requires, (i) the singular includes the plural and the plural includes the singular; and (ii) the masculine includes the feminine and the feminine includes the masculine.

12.     "Date" means the exact day, month, and year, if ascertainable, or if not ascertainable, the best approximation to the exact day, month, and year.

## INSTRUCTIONS

1.     In your responsive document, you must answer each interrogatory separately and fully in writing under oath in accordance with the Texas Rules of Civil Procedure. Each interrogatory must be restated immediately prior to the separate and full answer to that interrogatory.

2.     In answering these interrogatories, please furnish all information available to you, including information in the possession of your attorneys, or their investigators, and all persons acting in your behalf, and not merely such information known of your own personal knowledge.

3.     These interrogatories seek answers as of the date served but also impose a continuing duty to supplement and correct under the Texas Rules of Civil Procedure, so that any additional or different information related in any way to these interrogatories and your answers to them, which you acquire or which becomes known to you at any time up to and including the time of trial, must be served promptly in supplemented or corrected answers to the interrogatories after such information is acquired or becomes known.

4.     In the event any interrogatory cannot be fully answered after the exercise of reasonable diligence, you must furnish as complete an answer as you can and explain the reasons why you cannot give a full answer, what is needed for you to give a full answer, and approximately when you will be able to give a full answer.

5.     If multiple persons or entities can answer for you, each person or entity must give a separate and full answer to each interrogatory unless the answer is the same for all persons or entities that can answer for you.

6.     In each interrogatory wherein you are asked to identify a person, please state the person's full name, last known address, and telephone number. If the person to be identified is not a natural person (e.g. a corporation) give its name and address and principal business activity.

7.     Whenever an interrogatory asks for information concerning a document, you are requested to attach a copy of that document to your answers.

### RESERVATION OF OBJECTIONS

These interrogatories are submitted for the purpose of discovery and are not to be taken as Plaintiff's waiver of any objections that may be made at trial regarding the introduction or admissibility of any information or evidence covered by or related to these interrogatories, and are not to be taken as Plaintiff's admission as to the relevance or materiality of any information or evidence covered by or related to these interrogatories.

### FIRST SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**  State the name, address, telephone number, and position or job title of all persons who answered these interrogatories, supplied information used in answering these interrogatories, or assisted in any way with preparing the answers to these interrogatories. If more than one person answered, supplied information, or assisted, please identify the specific interrogatories each such person answered, supplied information for, or assisted with.

**ANSWER:**

**INTERROGATORY NO. 2:** With respect to Plaintiff's Claim(s) made the basis of this lawsuit, please describe the form and manner in which Plaintiff's notice of Claim(s) was submitted for the property damages at issue in this case and list the dates when: (a) Defendant received Plaintiff's notice of Claim(s); (b) Defendant first acknowledged Plaintiff's notice of Claim(s); (c) Defendant began its investigation of Plaintiff's Claim(s); (d) Defendant requested that Plaintiff provide any items, statements, forms, or information that were required in order to evaluate Plaintiff's Claim(s); (e) Defendant received or had all items, statements, forms, or information that were reasonably requested and required to evaluate and secure final proof of loss on Plaintiff's Claim(s); and (f) Defendant notified Plaintiff in writing of the acceptance or rejection of Plaintiff's Claim(s).

**ANSWER:**

**INTERROGATORY NO. 3:** State whether Defendant contends that Plaintiff did not provide requested items, statements, forms, or information that were required to evaluate and secure final proof of loss on Plaintiff's Claim(s) made the basis of this lawsuit. If so, state what items, statements, forms, or information were requested and not provided, and explain why Defendant completed its investigation and closed Plaintiff's Claim(s) without having such information.

**ANSWER:**

**INTERROGATORY NO. 4:** State the name, address, telephone number, and job title or position of all persons who performed any task to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, settle, review, handle, make entries, make decisions, and/or exchange any documents or communications, including electronic, regarding Plaintiff's Claim(s) made the basis of this lawsuit, and identify and describe the task or tasks that each such person performed. For any such person who is no longer an employee, agent, or representative of Defendant, please so indicate and provide the person's last known address and telephone number.

**ANSWER:**

**INTERROGATORY NO. 5:** For each person identified in answer to Interrogatory No. 4, identify and describe his or her training, education, licenses, certifications, and other qualifications to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, settle, review, handle, or otherwise perform tasks towards resolving property damage claims under property insurance policies, including claims for hurricane, hail, wind, water, and roof damage.

**ANSWER:**

**INTERROGATORY NO. 6:** For each person identified in answer to Interrogatory No. 4, identify and describe his or her criminal history, including any felonies and crimes involving a dishonest act or false statement, for which that person was convicted or released from confinement in the past ten years.

**ANSWER:**

**INTERROGATORY NO. 7:** Identify and describe the guidelines, parameters, goals, reviews, questions, criteria, tests, forms, or other material used to evaluate the performance, or quality of the job performance, carried out by any adjuster, inspector, investigator or supervisor assigned to Plaintiff's Claim(s) made the basis of this lawsuit. This question is limited to the past (5) years.

**ANSWER:**

**INTERROGATORY NO. 8:** State what you contend caused the loss and damage to Plaintiff's Property at issue in this case, and the basis and reasons for such contentions.

**ANSWER:**

**INTERROGATORY NO. 9:** Identify and describe the steps taken and tasks completed to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, settle, review, and/or handle Plaintiff's Claim(s) made the basis of this lawsuit, including all start and finish dates and the identity of the persons who completed or participated in each of those steps and tasks.

**ANSWER:**

**INTERROGATORY NO. 10:** Identify and describe the policies, procedures, practices, and guidelines that were followed or otherwise applied and any and all specific guidance or instructions that were given to anyone to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, settle, review, and/or handle Plaintiff's Claim(s) made the basis of this lawsuit, including the date when each such policy, procedure, practice, guideline, guidance, or instruction was implemented or given and the identities of the persons who implemented, gave, or received each such policy, procedure, practice, guideline, guidance, or instruction.

**ANSWER:**

**INTERROGATORY NO. 11:** Identify and describe the facts, data, information, statements, and documents that were reviewed, considered, or relied on to determine or estimate the cause, scope, and/or amount of damage to Plaintiff's Property that: (a) Defendant found was a covered loss on Plaintiff's Claim(s) made the basis of this lawsuit, and (b) Defendant found was not a covered loss on Plaintiff's Claim(s) made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 12:** Do you contend that any act or omission on the part of Plaintiff, or any representative or agent of Plaintiff, in any way affected your ability to investigate, process, evaluate, inspect, estimate, adjust, approve, deny, and/or settle Plaintiff's Claim(s) made the basis of this lawsuit? If yes, please identify and describe each such act or omission, including the date of the occurrence and the person responsible for such act or omission, and explain why Defendant completed its investigation and closed Plaintiff's Claim(s) despite the occurrence of such act or omission.

**ANSWER:**

**INTERROGATORY NO. 13:** State every basis, in fact and in the terms of the Policy, for Defendant's denial or payment of, recommendation of denial or payment of, and failure to pay Plaintiff's Claim(s), whether in whole or in part, for the property damages at issue in this case.

**ANSWER:**

**INTERROGATORY NO. 14:** Based on all information available to you, please describe the condition of Plaintiff's Property at issue in this lawsuit: (a) at the time you issued the Policy; (b) immediately before the reported loss at issue in this lawsuit; (c) immediately after the reported loss at issue in this lawsuit; and (d) at the time you investigated and adjusted Plaintiff's Claim(s) made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 15:** Identify and describe the facts, data and documents pertaining to the condition of the roof, exterior, and interior of Plaintiff's Property when Defendant evaluated whether to insure it, and any subsequent evaluations performed to determine whether to renew the Policy.

**ANSWER:**

**INTERROGATORY NO. 16:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Chapter 541 of the Texas Insurance Code, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 17:** State the legal theories and describe the factual bases for your contention that Defendant fully complied with each of the claims handling requirements codified in Chapter 542 of the Texas Insurance Code, the violation of which is alleged in Plaintiff's current live pleading against Defendant.

**ANSWER:**

**INTERROGATORY NO. 18:** For each investigation by a Texas governmental agency within the last five years into Defendant's practices when handling first party claims for property damage coverage under property/commercial policies, state the name of the agency, the names of all investigators, and the names of all government representatives with whom Defendant communicated for purposes of the investigation.

**ANSWER:**

**INTERROGATORY NO. 19:** Identify by name, address, and telephone number, all persons and or entities that have filed property damage claims, hurricane damage claims, hail damage claims, water damage claims, roof damage claims and/or wind damage claims with Defendant that have been adjusted by any and all adjusters assigned to Plaintiff's claim made the basis of this Lawsuit, from the time of hiring through the present.

**ANSWER:**

**INTERROGATORY NO. 20:** Please state whether Defendant took, or is aware of the taking of, a recorded statement and/or examination under oath of any representative, or agent of, or any person employed by, Plaintiff regarding the claim made the basis of this lawsuit. If a recorded statement and or examination under oath was taken, please state the date it was taken and the name of the person taking the statement. Please also state whether the statement was transcribed, where the statement is currently located, and/or the last place Defendant saw a transcription of same.

**ANSWER:**

**INTERROGATORY NO. 21:** Identify by name, address, and telephone number, all persons and/or entities, agencies or agents, and brokers that have prepared or issued Plaintiff's Policy, including the initial policy, any renewal policies, and any endorsements or addendums thereto.

**ANSWER:**

**INTERROGATORY NO. 22:** Please state the name, address, and telephone number of any engineer(s) and engineering company(ies) used to evaluate Plaintiff's Claim(s) made the basis of this lawsuit, and identify the number of prior claims that each such engineer and engineering company worked for Defendant, the date(s) of each such engineer and engineering company's reports for each such prior claim, the addresses of the properties for which reports were done for each such prior claim, and the compensation each such engineer and engineering company received from Defendant for any services and work performed in the last five years, including with respect to Plaintiff's Claim(s) made the basis of this lawsuit.

**ANSWER:**

## PLAINTIFF'S, ASTRO GATEWAY LLC, REQUESTS FOR ADMISSIONS TO DEFENDANT, TAYLOR MAYNARD

TO:    TAYLOR MAYNARD, Defendant

Pursuant to Rule 198 of the Texas Rules of Civil Procedure, you are hereby requested to admit or deny the requested admissions below within fifty (50) days after being served.

### DEFINITIONS

The following terms have the meanings indicated below. You are charged with knowledge of such definitions in responding, and you should respond to the full scope and all elements of such defined terms. These definitions are to be construed as broadly as possible to include the most information or documents responsive to the requests within the permissible scope of discovery.

1.      "Property" means Plaintiff's property located at 6070 Gateway Boulevard E, El Paso, Texas 79905, and as further described in Plaintiff's petition.

2.      "Policy" means the insurance policy issued by Taylor Maynard providing coverage for the Property, and as further described in Plaintiff's petition.

3.      "Claim" or "Claim(s)" means the insurance claim or claims submitted by Plaintiff under the Policy for storm-related loss and damages to the Property, including but not limited to the insurance claim described in Plaintiff's petition.

4.      "Plaintiff" means Astro Gateway LLC, and includes its past and present agents, legal representatives, non-legal representatives, personal representatives, attorneys, employees, heirs, successors, and assigns, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Astro Gateway LLC or who are or were at any time controlled by Astro Gateway LLC.

5.      "You," "your," "Defendant," and "Mr. Maynard" mean Defendant Taylor Maynard, and includes its past and present directors, officers, agents, predecessors, successors, assigns, legal representatives, non-legal representatives, personal representatives, attorneys, general partners, limited partners, employees, subsidiaries and parent companies, sister companies, affiliated entities, and also includes individuals and entities who act, have acted, purport to act, or have purported to act on behalf of Mr. Maynard, or who are or were at any time controlled by Mr. Maynard.

### REQUESTS FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:** Defendant's principal place of business is Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 2:** Defendant conducts the business of insurance in Texas.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 3:** Defendant insured Plaintiff's property that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 4:** Defendant insured Plaintiff's property against wind and hail damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 5:** Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 6:** Plaintiff's roof sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:** The windstorm created openings in Plaintiff's roof whereby water leaked into the interior of Plaintiff's property causing damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:** As a result of water leaking into Plaintiff's property, Plaintiff's personal property was damaged.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:** The exterior of Plaintiff's property sustained wind damage as a result of the windstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:** The windstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:** Plaintiff's property sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:** Plaintiff's roof sustained hail damage as a result of the hailstorm that makes the basis of this lawsuit.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:** The exterior of Plaintiff's property sustained hail damage as a result of the hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:** Plaintiff's personal property was damaged as a result of the hailstorm.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:** The hailstorm that damaged Plaintiff's property was a covered occurrence under Plaintiff's insurance policy with the Defendant insurance company.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:** Defendant improperly and unreasonably adjusted Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:** Defendant performed an outcome-oriented investigation of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:** Defendant did not conduct a reasonable investigation of Plaintiff's damage.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:** Defendant has unreasonably delayed payment to the Plaintiff and failed to fairly settle Plaintiff's claim even though liability was reasonably clear.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:** Defendant was not open and honest in its adjustment of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:** Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 22:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property was not covered under the Policy.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 23:** Defendant misrepresented to Plaintiff that the damage to Plaintiff's Property did not need to be replaced.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 24:** Defendant was aware that the damage to Plaintiff's Property warranted replacement and not repair.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 25:** Defendant took advantage of Plaintiff's lack of knowledge and experience.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 26:** Defendant engaged in false, misleading, and deceptive acts or practices in the business of insurance in the handling of Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 27:** Defendant made material false representations and/or material false promises to Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 28:** Defendant intended that Plaintiff would rely on these false representations, and upon which Plaintiff did reasonably rely to its detriment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 29:** Defendant breached its insurance contract with Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 30:** Defendant failed to provide its adjuster with policies, guidelines, and/or materials pertaining to the lawful handling of insurance claims.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 31:** Defendant purposely denied and/or underpaid Plaintiff's claim in order to continue making profit off of Plaintiff.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 32:** Defendant provides incentives and/or bonuses to its adjusters for closing out claims without adequate payment.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 33:** Defendant provided a bonus to its adjuster in relation to Plaintiff's claim.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 34:** Defendant has been reported to the Texas Department of Insurance for the mishandling of claims in the last five (5) years.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 35:** Defendant adjuster has been sued in the past five (5) years for the mishandling of claims.

**RESPONSE:**

PATENT NO. 5, 901 903

↓ TEAR FROM BOTTOM UP ↓

FORM CML-5.2    Certified Mail Done Fast. Inc.

↓ TEAR FROM BOTTOM UP ↓

FOLD BACK TO REMOVE CARD →

← FOLD BACK TO REMOVE CARD

CERTIFIED MAIL

**NORMA FAVELA BARCELEAU**
**DISTRICT CLERK**
COUNTY COURTHOUSE RM 103
500 E SAN ANTONIO AVE
EL PASO TX 79901-2436



7160 1019 9040 0427 3499



U.S. POSTAGE ≫ PITNEY BOWES

ZIP 79901
02 4W          $ 014.95⁰
0000356061 NOV. 07. 2018

## Nationwide General Ins. Co.
## c/o Corporation Service Company
## 211 E. 7th Street, Suite 620
## Austin, TX 78701-3218